Nov. Term,
1838.

COOPER
v.
HELSABECK.

COOPER *v.* HELSABECK.

Assumpsit for goods sold and delivered. The plaintiff proved that he had left his wagon with the defendant for safe-keeping, and that the defendant had converted it to his own use. *Held*, that the suit was sustained.

*Tuesday,*
*November 20.*

APPEAL from the *Owen* Circuit Court.

SULLIVAN, J.—This was an action of assumpsit for goods sold and delivered by plaintiff to the defendant. Plea, non-assumpsit. The material facts of the case are, that *Cooper* purchased from *Helsabeck* a wagon, for which he gave him five dollars in money, and an improvement he had made on the public lands, denominated by the parties a "congress improvement," valued at 40 or 50 dollars. The wagon was delivered to *Cooper.* *Cooper* left it under a shed at the defendant's residence, by defendant's permission, for safe-keeping. The defendant, afterwards, converted the wagon to his own use. The wagon was proven to be worth 50 or 60 dollars.

The Circuit Court gave judgment for the defendant, from which the plaintiff has appealed to this Court.

The only question in this case is, whether the action of assumpsit for goods sold and delivered can be maintained?

Where there is no contract of sale, assumpsit is not generally the appropriate form of remedy, yet it sometimes lies for the value of goods obtained tortiously. There are many cases reported, in which it has been held that a plaintiff may waive a tort, and sue for goods sold, &c. In the case of *Hill* v. *Perrott*, 3 Taunt. 274, where the defendant had by fraud procured the plaintiff to sell to an insolvent person a quantity of goods, and which the defendant had gotten into his own possession, the Court held that the law would imply a contract to pay for the goods from the circumstance of their having been the plaintiff's property, and having come to the defendant's possession unaccounted for; and he could not be permitted to account for the possession by setting up the sale to the insolvent person which he had himself procured by fraud, because no man may take advantage of his own fraud; therefore indebitatus assumpsit lay for the goods.

In *Lee* v. *Shore et al.*, 1 B. & C. 94, which was an action

for goods sold and delivered, the plaintiff proved the possession of the goods by himself and their removal by the defendants, but it appeared that the goods consisted of spar lying on the lands of one *Hurd*, and that the plaintiff claimed under *Hurd* by a written agreement not produced. It was held that the plaintiff could not recover, because he claimed to hold the land on which the goods lay by virtue of a written contract which was not given in evidence. *Abbott*, C. J. said "where the owner of property which has been taken away by another waives the tort, and elects to bring an action of assumpsit for the value, it is incumbent upon him to show a clear and indisputable right to the property." The only difficulty in the way of the plaintiff's recovery was, that he did not produce on the trial the proper evidence of his right to the property, and which would have explained those acts of ownership he had exercised over it.

In another case, the plaintiff contracted to underpin the defendant's house with hewn stone, and the stone were furnished for that purpose by the plaintiff. The stone were not used for the purpose intended, but were left by the plaintiff near the defendant's house until autumn, when the defendant built a dairy and put into it the same stone. There was no contract for the sale of the stone; on the contrary, it was proven that the plaintiff said they were taken without leave. The Court held that the tort might be waived, and assumpsit supported for the price of the stone, although there was no contract. *Hill* v. *Davis*, 3 N. Hamp. 384.

In *Lightly* v. *Clouston*, 1 Taunt. 112, where an apprentice was seduced from the service of his master, it was held that the tort might be waived and assumpsit maintained for the wages of the apprentice; and the Court said that the defendant would not be permitted to say that he obtained the services of the apprentice not by contract but by fraud.

*Morton* on Vendors, at page 245, says, "As the defendant cannot take advantage of his own wrong, the plaintiff may in general waive the tort, when the goods have come wrongfully into the defendant's possession, and sue for goods sold." *Starkie*, in his Treatise on Evidence, part 4, title "goods sold and delivered," says "the plaintiff may in this as in other cases waive a tort, and in some instances treat the defendant,

Nov. Term, 1838.

who has fraudulently possessed himself of the goods, as the purchaser."

From the authorities above noticed, we think the plaintiff may recover in the present form of action. The facts in this case are spread upon the record by a demurrer to the evidence. They fully sustain the plaintiff's case, and the judgment of the Circuit Court ought to have been for the plaintiff and not for the defendant (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. P. Hester*, for the appellant.

*D. M'Donald*, for the appellee.

(1) *Sed vide Jones* v. *Hoar*, 5 Pick. 285.—4 Phill. Ev. 110, Amer. ed., 1839.