Nov. Term, 1861.

JONES v. GREGG.

---

## JONES *v.* GREGG.

Suit by *A.* against *B.*, to recover the value of certain lumber, alleged to have been furnished to him under a contract that he was to work it up into sash, &c., and pay to *A.* the usual price of such manufactured articles, deducting the cost of manufacturing, and which *B.* was alleged to have wasted, and destroyed, and converted to his own use.

*Held*, that *A.* might waive the tortious conversion of the property, and sue in form *ex contractu*.

*Held*, also, that as the evidence is not in the record, this Court cannot say that the Court below erred in permitting the plaintiff, after the evidence had closed, to amend his complaint by inserting an averment of a demand, before suit brought.

*Held*, also, that as the lumber was in the possession of *B.*, only as the agent of *A.*, such portion of it as was not worked up continued to be the property of *A.*, and he could not maintain an action for it, without a previous demand upon *B.*

Wednesday, November 27.

APPEAL from the *Wayne* Common Pleas.

DAVISON, J.—*Gregg* was the plaintiff, and *Jones* the defendant, below. The complaint charges: 1. That the defendant, on *January* 2, 1858, was indebted to one *Caleb B. Jackson*, $910, for lumber sold, and for money had and received, and that afterward, on *February* 6, then next following, *Jackson* assigned his account against the defendant for the lumber, and for the money, to the plaintiff. 2. That on *January* 3, 1858, the defendant was further indebted to *Jackson*, $910, for 5,200 feet of lumber belonging to him, which defendant had sold and otherwise disposed of, and appropriated the proceeds thereof to his own use, and that, afterward, *Jackson* sold and assigned his account, against

the defendant, for the lumber so disposed of, &c., to the plaintiff. Proper issues having been made, the cause was submitted to a jury, who found for the plaintiff. But the Court, on the defendant's motion, granted a new trial; and, thereupon, the plaintiff, by leave, &c., amended his complaint as follows:

That in *March*, 1856, *Jackson* employed the defendant to sell 5,200 feet of lumber, of which the defendant took charge as *Jackson's* agent; that in the spring and summer of that year, as such agent, he sold a portion of the lumber, to the value of $45, which he paid to *Jackson*; and that in *November*, 1856, he made a new contract with *Jackson*, to the effect that the lumber remaining unsold was to be hauled to the defendant's mill, by him, and at his expense, and, in consideration therefor, he was to have the advantage of working it up into sash, blinds, flooring, &c.; that defendant was to work up the lumber at *Richmond* prices, by the spring of 1857, and pay for it by that time, first deducting the cost of working it up, according to *Richmond* prices, and paying the rates which lumber, so worked up, sold for, according to such prices, at that date. It is averred that the defendant took charge of the lumber, with a view to the execution of the contract; but failed to comply with the same, and wasted and destroyed the lumber, and converted it to his own use. And that although often requested by *Jackson* to account for the lumber, in accordance with the contract, he has all times refused, &c.; and that afterward, &c., *Jackson* assigned this claim against the defendant to the plaintiff, for value received, &c. The defendant demurred to the complaint, thus amended, on the ground "that it did not state facts sufficient to constitute a cause of action;" but his demurrer was overruled, and he excepted.

There is nothing in this exception. The charge in the amended complaint is, that the defendant, the lumber being in his hands, under a contract to work it up, &c., "wasted and destroyed it, and converted it to his own use." This, it is true, charges a tortious disposal of the property; but the rule is, that a party may, in cases of this sort, waive the tort, and sue in form *ex contractu*. *Cooper* v. *Helsabeck*, 5 Blackf.

Nov. Term, 14; *Patterson* v. *Crawford*, 12 Ind. 241.   And this being the
1861.   case, it will at once be seen, that the original and amended
JONES   complaint are plainly consistent with each other.
v.           The defendant answered the complaint, as amended, by a
GREGG.   general traverse; and thereupon the issues were submitted
to a jury.   Verdict for the plaintiff.   Motion for a new trial
denied, and judgment, &c.   The record shows that while
the trial was in progress, and after the evidence had been
closed, the plaintiff moved to amend his amended complaint
by inserting therein, at the proper place, these words: "and
that said *Jackson*, on the 1st of *October*, 1857, demanded of
said defendant an account and settlement for said lumber."
This amendment, though resisted by the defendant, was
allowed by the Court, and the defendant noted an exception.
Section 99, of the Practice Act says, "that the Court may,
at any time, in its *discretion*, and on such terms as may be
deemed proper, direct . . . . . . . . any material allegation to be
inserted, struck out, or modified, to conform the pleadings to
the facts proved, when the amendment does not, substan-
tially, change the claim or defense."   2 R. S., p. 43.   As the
record does not profess to contain the evidence given in the
cause, we are unable to say whether the allowed amend-
ment was, or not, required, "to conform the pleadings to the
facts proved."   Hence it must intend, that the action of the
Court, in allowing it, was the exercise of a sound discretion.
And it must be conceded that the amendment, as allowed,
in no respect changed "the claim or defense."

There is, in the record, a bill of exceptions which says,
that upon the trial, there was evidence tending to show that
"several thousand feet of the lumber in controversy, were
not used by any one, and were still on hand; that *Jones* con-
tracted with *Jackson* to work up the lumber, and had good
opportunities, in advance, of knowing its qualities, and that
it was such as could not be worked," &c.

In reference to this evidence, the defendant moved the
following charges, which the Court refused:

" 1. If *Jones* agreed with *Jackson* to work the lumber in
contest into sash, blinds, doors, &c., and after working part
of it, he refused to work the balance, such balance is the

property of *Jackson*, or his assigns, and the plaintiff can not recover for it against *Jones*, unless he has demanded it of him, and he has refused to give it up."

" 2. If *Jones* agreed with *Jackson* to work up the lumber into blinds, sash, &c., and refused to do it because the lumber was not fit for the purpose, but used and sold some of it, he is responsible for the fair price of what he used, and what he got for that which he sold, and this is the measure of damages."

These instructions, taken together, should have been given. The lumber being in the hands of the defendant as the mere employee of *Jackson*, the property in it remained in the latter; and, in consequence, that which was not worked up continued his property. But, as we understand the instruction, the defendant's possession of the lumber was acquired in good faith, and the result is, an action against him for any portion of it, cannot be maintained until after demand and refusal. Under the facts, so far as they are shown in the bill of exceptions, the measure of damages is correctly stated. We are of opinion that the Court, in refusing the charges moved by the defendant, committed an error.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. B. Julian*, for the appellant.