## MORFORD *v.* WHITE.

JUSTICE OF THE PEACE.—*Pleading.*—*Action.*—The complaint in an action commenced before a justice of the peace, by its statement of facts, showed a cause of action in favor of the plaintiff against the defendant in replevin and in trover. No writ of replevin was asked or issued, and no bond was filed, but the demand of relief and the writ issued were as in assumpsit for the value of the goods.

*Held*, that it was proper to treat the action, not as a suit for the recovery of the possession of the goods, but as an action for their value, the tort being waived.

From the Spencer Circuit Court.

*C. L. Wedding* and *R. G. Evans*, for appellant.

*W. W. Medcalf* and *L. D. Abbott*, for appellee.

PERKINS, J.—Suit commenced before a justice of the peace. The complaint in the cause is substantially as follows:

"Lee W. White complains of J. P. Morford, and says that plaintiff is the owner and entitled to the immediate possession of the following personal property, viz.;" then follows a schedule of the property, with the value affixed to each item. Among the items of property are inserted a few items of account for work and labor. The complaint proceeds: "All of the aggregate value of one hundred and ninety-one dollars and ninety-one cents; all of which defendant now has in his possession, and unlawfully and wrongfully withholds from plaintiff; that none of the prop-

erty has been taken upon any writ of execution, or levied upon for any tax," etc.; "that plaintiff has demanded possession of defendant, which demand the defendant has refused to comply with," etc.; "wherefore, plaintiff prays judgment for one hundred and ninety-one dollars and ninety-one cents, his damage, and all proper relief."

The complaint is sworn to.

This summons was issued:

"To any constable," etc. "You are commanded to summon J. P. Morford before me at my office," etc., "to answer Lee W. White in a complaint wherein he claims the sum of one hundred and ninety-one dollars and ninety-one cents, and of this writ make due return," etc. It was returned, "served by reading," etc.

The cause went by appeal to the circuit court.

In that court, the defendant moved that the items of account for work and labor be struck out of the complaint. The motion was overruled, and exception taken. The defendant then moved that the suit be dismissed for want of jurisdiction in the justice, no bond having been filed before the issue of summons, and because the complaint did not state facts sufficient to constitute a cause of action. Motion overruled, and exception taken. A demurrer was then filed to the complaint, assigning for cause want of sufficient facts. The demurrer was overruled. The cause was tried by a jury, on the general issue, and a verdict returned for plaintiff for one hundred and nine dollars. A motion for a new trial was overruled, and judgment was rendered on the verdict.

On the trial, the plaintiff introduced testimony tending to show that the defendant was wrongfully in possession of the property itemized in the complaint, that it was the plaintiff's property, its value, and appropriation to his own use by the defendant; to which the defendant objected, for the reasons thus stated in the bill of exceptions: "that if the plaintiff's complaint constituted any cause of action, it was an action to recover the possession of personal property,

Morford *v*. White.

replevin, a proceeding under section 71, 2 G. & H., 598, and that the only course which could be pursued was to seize the property, if it could be found, and that any evidence as to the property. being used by Morford or converted by him was inadmissible, until it was shown by the officer's return or other competent evidence, that the property could not be found; that the first step was to show the issuing of the writ, the search for the goods, the failure to find them, before evidence," such as that being offered, could be heard; that it was irrelevant, etc.; "but the court overruled the objection, saying the suit was an action on account,"· etc.

The defendant was acting, in the trial of the cause, upon one theory of it, the court upon another. The defendant treated it as an action of replevin, the court as an action of assumpsit for the value of the goods wrongfully detained, the tort being waived.

The statement of facts in the complaint showed a cause of action in replevin, and in trover; but the demand of relief and the writ issued in the cause were in assumpsit for the value of the goods. No writ of replevin was asked or issued, and no bond was filed. The plaintiff did not seek to obtain possession of the goods.

We think the cause was properly treated as a suit for the value of the goods, and not for the recovery of the goods themselves. It was a case in which the party might, by law, waive the tort, and sue in form *ex contractu* on the facts, for the value of the property. *Jones* v. *Gregg*, 17 Ind. 84, and cases cited. We think, as the action was commenced before a justice of the peace, the complaint was sufficient. The rule in such action is, that "any statement of facts, not having the legal requirements of a regular complaint, will be deemed a sufficient cause of action, provided enough be shown to bar another action for the same demand, and apprise the defendant of the nature of the claim." *Indiana Central R. W. Co.* v. *Leamon*, 18 Ind. 173.

The erroneous view taken of the character of the suit by

the defendant led him to regard as errors rulings, which, under the view taken of the character of the action by the court (as we hold the true one), were correct.

The judgment is affirmed, with five per cent. damages and costs.