## MENZIE v. ANDERSON ET AL.

DIVORCE.—*Alimony.—Contract.—Judgment.—Exemption from Execution.*—
A judgment for alimony is not a debt growing out of, or founded upon,
a contract, express or implied, and the debtor can not claim exemption of
any property from execution on such judgment.

From the Kosciusko Circuit Court.

*C. Clemans*, for appellant.

*W. S. Marshall*, for appellees.

BIDDLE, J.—Susan Anderson, on her complaint, obtained
a decree of divorce and a judgment of alimony for five
hundred dollars, against John Anderson, then her hus-
band. John at the time had no property, either real or
personal. Subsequently he married another woman, be-
came a householder and the head of a family in the
county, and inherited an interest in certain real estate
from his father. A writ of execution was issued upon the
judgment of alimony, and placed in the hands of the sheriff,
who levied upon the interest of John Anderson·in the real
estate he so inherited. As a householder of the county,
he made his claim to the sheriff for the real estate, which
was appraised at less than three hundred dollars, as ex-
empt from execution. The sheriff denied his right to the
exemption, and was about to sell the real estate upon the
writ in his hands. This complaint is brought upon these
facts, praying an injunction against the sale.

A demurrer alleging the insufficiency of the facts to main-
tain the case was sustained. The appellant, who had pur-
chased the real estate from Anderson, and brought this suit,
excepted to the ruling upon the demurrer, and appealed to
this court.

Neither party claims that there is any irregularity
in the proceedings; but the appellant insists that
John Anderson has a right to the exemption claimed,
which, if allowed, will support his title to the real estate;
·while the appellees insist that Anderson is not entitled to

the exemption against a judgment for alimony, which, they insist, is not a "debt growing out of, or founded upon a contract, express or implied," as provided by the statute. 2 R. S. 1876, p. 352; and this controversy presents the only question in the case.

Causes of divorce in this State are as follows:

1. Adultery;
2. Impotency before marriage;
3. Abandonment for two years;
4. Cruel and inhuman treatment;
5. Habitual drunkenness of either party, or the failure of the husband to make suitable provision for his family;
6. Failure of the husband to make reasonable provision for his family for a period of two years;
7. Conviction, subsequent to marriage, of an infamous crime. Sec. 8, 2 R. S. 1876, p. 327.

It will be observed that, although marriage is a civil contract, yet the causes of divorce, except the second, all arise out of tort; and a marriage, while the second cause existed, would be a gross wrong, in violation of the main purpose of the union. We conclude, therefore, that alimony is not a "debt growing out of, or founded upon a contract, express or implied," within the meaning of the statute.

The judgment is affirmed, at the costs of the appellant.