Dorrell *et al. v.* Hannah.

---

No. 8689.

DORRELL ET AL. *v.* HANNAH.

EXEMPTION.—*Execution.*—*Replevin.*—*Complaint.*— A complaint to recover personal property, levied on under an execution on a judgment for the possession of real estate and for money recovered for the use and occupation thereof, claiming such property as exempt from execution, is insufficient on demurrer.

REAL ESTATE, ACTION TO RECOVER.— *Use and Occupation.*—*Rents.*—*Tort.*—An action to recover real property and a compensation for the use and occupation of the premises, under sections 1050, 1058 and 1059, R. S. 1881, sounds in tort.

PLEADING.—*Answer.*—*Demurrer.*—A demurrer to an answer searches the record and reaches the complaint, whether it was 'objected to or not.

SAME.—A bad answer is good enough for a bad complaint.

From the Ohio Circuit Court.

*A. C. Downey,* for appellants.

*J. B. Coles,* for appellee.

BICKNELL, C. C.—This was an action of replevin by the appellee against the appellants. The complaint was in two paragraphs. The first was in the statutory form, No. 13, 2 R. S. 1876, p. 360. The second averred ownership of the property in the appellee, and that the appellant, the sheriff, levied an execution thereon, issued by the appellant Dorrell, on a judgment obtained by him against the appellee, for the possession of real estate, and for $250 rents for the use and occupation thereof; that the appellee gave the sheriff a true schedule of all his property, which schedule embraced all of the property

levied on, and showed that there were liens thereon to the amount of $283; that plaintiff claimed the property as exempt from execution, he being a resident householder of Indiana, which claim the sheriff refused to allow; that the property was duly appraised at $308.70, without reference to said liens; that the sheriff took possession of said property, and advertised it for sale.

It will be observed, that this paragraph avers that the execution, levied on the property, was issued upon a judgment for the possession of real estate, and for $250 rents for the use and occupation thereof.

An action to recover real property and a compensation for the use and occupation thereof, under sections 592, 598 and 599 of the Code, is an action sounding in tort; the second paragraph of the complaint, showing nothing indicating a liability upon contract, states no cause of action, because the statutes of exemption, 2 R. S. 1876, p. 353, sec. 1, and Acts of 1879, p. 127, sec. 1, apply only to sales on execution, for a debt growing out of, or founded on, contract. The complaint, however, was not demurred to.

The appellants answered the entire complaint jointly; a demurrer to the answer for want of facts sufficient to constitute a defence was sustained; judgment was rendered against the appellants thereupon, who assign for error, that the court below erred in sustaining said demurrer.

The answer was good as to the first paragraph of the complaint. It showed a good reason for the detention of the property, so far as that paragraph was concerned.

As to the second paragraph of the complaint, the answer is good enough, because a demurrer to an answer searches the record and reaches the complaint; the second paragraph of the complaint being, as we have seen, insufficient, and the answer being good as to the first paragraph of the complaint, the demurrer to the answer should have been overruled. Ætna Ins. Co. v. Baker, 71 Ind. 102.

For the error of the court in sustaining said demurrer to the answer, the judgment below should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee, and this cause is remanded, with instructions to overrule the demurrer to the answer.

## ON PETITION FOR A REHEARING.

BICKNELL, C. C.—The second paragraph of the complaint was bad, because it claimed exemption under an execution issued on a judgment in an action of tort. Nothing in that paragraph indicated any liability upon contract.

A bad answer is good enough for a bad complaint. The appellee claims that, because the appellant did not demur to the second paragraph of the complaint, therefore it can not be held insufficient; but one of the errors assigned by the appellants is, that the demurrer to the answer was improperly sustained. The answer, however, was good as to the first paragraph of the complaint; and the second paragraph, not showing any liability in contract, and being for that reason insufficient, the answer was good as to it also. The court, therefore, erred in sustaining the demurrer to that answer.

A demurrer to a later pleading searches the record, and seizes upon the first error in the earlier pleadings, whether such error was originally objected to or not. *Menifee* v. *Clark*, 35 Ind. 304; *Heizer* v. *Kelly*, 73 Ind. 582. "We read the briefs of counsel, but, as the appeal is tried by the record, we examine that too." Per WOODS, J. *Martin* v. *Martin*, 74 Ind. 207.

PER CURIAM.—The petition for a rehearing is overruled.