No. 9268.

## SMITH *v.* WOOD ET AL.

EXEMPTION.—*Execution.*—*Damages.*—*Ejectment.*—*Tort.*—There is no exemption from execution on a judgment for the damages recovered in an action to recover the possession of real estate.    The damages properly recoverable in such an action are for the time of the tortious holding only.

SAME.—*Complaint.*—*Cause of Action.*—*Judgment.*—*Parol Evidence.*—When the complaint on which judgment has been taken is unequivocal in respect to the character of the cause of action, there can not be an enquiry into the evidence adduced at the hearing, for the purpose of showing that the judgment was taken upon a different cause of action, so as to admit a claim for exemption.

From the Tippecanoe Circuit Court.

*D. Walton,* for appellant.

*J. R. Coffroth* and *T. A. Stuart,* for appellees.

WOODS, J.—Action by the appellant against the appellees, one of whom was sheriff, for the wrongful sale on execution of the appellant's property in disregard of his claim to have the same exempted from sale.

The appellee makes the objection that it is not averred in the complaint nor shown in the evidence that the plaintiff was a resident householder at the time when his claim for exemption was disregarded.    There is no direct averment nor direct evidence on the point.    In the inventory or schedule which the appellant presented to the sheriff, and which is copied into the complaint and was put in evidence, he is described as a resident householder of the county of Tippecanoe; but, besides this, there is no evidence or allegation of the fact.

The merits of the appeal depend on the question whether, under the execution by virtue of which his property was sold, the appellant was entitled to claim the exemption.    The exemption allowed by the statute, R. S. 1881, section 703, is from " sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract, ex-

press or implied;" and the question is whether the judgment upon which the execution was issued was rendered upon such a debt. The evidence, which consists of an agreed statement of facts, shows that upon a decree of foreclosure of a mortgage made by the appellant to the appellee Wood, the latter purchased the mortgaged premises, and, at the end of the year allowed for redemption, received a sheriff's deed. The appellant still continuing in possession, the appellee, about a month after receiving her deed, brought an action of ejectment, charging in her complaint, after the usual form, that she was the owner and entitled to possession, and that the defendant held possession without right, and for more than three months past had unlawfully kept the plaintiff out of possession. Wherefore, etc. Upon this complaint the court gave judgment for the plaintiff for the possession and for one hundred and seventy dollars and eighty cents "damages, together with the costs, for the unlawful detention of said real estate." "The judge trying the cause, in assessing the damages, heard evidence as to the rental value of said premises sold under the foreclosure proceedings, and the judgment for damages was based on the rental value."

The appellant insists that the occupant of real estate, holding during the year allowed for redemption from a judicial sale, holds under a conditional contract, created by force of the statute, to pay a reasonable rent to the purchaser in case there be no redemption from the sale; that the damages awarded in this case were for such rents, and consequently the judgment was for a debt arising out of contract, and the judgment debtor entitled to claim the exemption in such cases allowed.

Whether the major proposition is true or not we need not decide. The evidence does not show, if evidence on the subject had been admissible, that rents for the year of redemption were included in the damages assessed. "The court heard evidence as to the rental value of the premises sold," but presumably only for the time of the alleged unlawful detention.

More than that was not properly admissible under the complaint.

The complaint in ejectment is clearly for a tort, and the damages which can properly be recovered in such an action must be confined to the time of the tortious. holding. Such, damages arise from tort, not from contract, and against the execution upon a judgment for such damages no exemption can be allowed.

Where the complaint, upon which a judgment has been rendered, is unequivocal in respect to the character of the cause of action, there can not be an enquiry into the evidence adduced upon the trial for the purpose of admitting or excluding a claim for exemption.

If, therefore, it were conceded that the court went beyond the scope of the complaint, and allowed as damages, in the action of ejectment, rents and profits which were properly recoverable only in another action, the appellant, not having saved his exception and prosecuted an appeal from the judgment, can not, for the purpose now sought to be accomplished, show that the judgment arose out of a cause of action different from the one declared upon.

Judgment affirmed, with costs.