No. 9322.

| 84 | 83 |
| 128 | 127 |

GENTRY v. PURCELL.

EXEMPTION.—*Execution.*—*Tort.*—*Pleadings Determine Nature of Action.*—*Parol Evidence.*—There is no exemption of property from sale on execution if the judgment is for a tort; a fact which is determined by the pleadings alone if unambiguous in reference to the character of the action, parol evidence not being admissible to contradict the record.

SAME.—*Waiver of Valuation Laws.*—The fact, that a judgment is in terms collectible without relief from valuation laws, does not show that it was rendered upon a cause of action growing out of contract.

From the Spencer Circuit Court.

*G. L. Reinhard* and *W. H. Thomas,* for appellant.
*C. H. Mason* and *R. S. Hicks,* for appellee.

WOODS, J.—The appellant has assigned error upon the overruling of his motion for a new trial, and insists that the finding is contrary to law and to the evidence, and that the court erred in admitting evidence.

The action was by the appellee against the appellant as sheriff of the county, upon his official bond, the breach charged being, in substance, that, by virtue of an execution upon a judgment rendered against the appellee in an action upon contract, the sheriff had seized and sold certain property of the appellee, which, as a resident householder, he had claimed as exempt, and that, for the purpose of securing such exemption, he had presented to the appellant the proper schedule and affidavit, which the appellant had wrongfully rejected.

The judgment upon which the execution was issued and the pleadings in the case were put in evidence, and show beyond dispute that the cause of action was a tort and did not arise out of contract. The complaint in the case charges that the defendant, the appellee here, "unlawfully and without leave or license from any competent authority, did take, carry away and appropriate to his own use, 20,000 merchantable tierce staves, of the value of $130, of the personal property

of the plaintiff; * * that the plaintiff has sustained damages thereby," etc.

The judgment itself contains the clause, " without relief from valuation and appraisement laws," and this, the appellee insists, is conclusive that it is a judgment upon contract. We do not think so. It may have been an error to include such a clause in the judgment, but it has no tendency to show what the nature of the cause of action was. That must be determined by the pleadings—the issues in the case. Freeman Judgments, section 275 ; 1 Greenleaf Ev., section 528 ; R. S. 1881, section 385 ; Code of 1852, section 380 ; *Smith* v. *Wood*, 83 Ind. 522.

There is no ambiguity in respect to the nature of the cause of action declared upon in the complaint upon which the judgment was rendered, and it was, therefore, clearly erroneous to admit, as the court did admit, parol testimony for the purpose of showing that the judgment was in fact rendered upon a cause of action arising out of contract, instead of the tort declared upon. *Gay* v. *Welles*, 7 Pick. 217 ; *Smith* v. *Wood*, *supra*.

The judgment is reversed, with costs, and with instructions to grant a new trial.