No. 10,777.

## NOWLING v. McINTOSH.

EXECUTION.—*Exemption.—Judgment.—Tort.*—A widow, by concealing an antenuptial contract whereby she had relinquished all interest in her husband's estate, obtained from his administrator personal property of the value of $600 as of right as widow. For this wrong the administrator afterwards sued her and obtained judgment.

*Held,* that the judgment was for a tort, and not upon contract, and no property was, under section 703, R. S. 1881, exempt from execution issued upon it.

From the Washington Circuit Court.

*H. Heffren, J. A. Zaring* and *A. B. Collins,* for appellant.

*D. M. Alspaugh* and *J. C. Lawler,* for appellee.

BICKNELL, C. C.—The appellant brought this suit against the appellee as sheriff.

The complaint averred that Jones, as administrator *de bonis non* of David Nowling, brought an action against the appellant, who was the decedent's widow, alleging that the said David and Rachel, before their marriage, and in consideration of their intended marriage, mutually agreed in writing that upon the death of either the survivor would make no claim to any of such decedent's property, but that all of it, real and personal, should go to the children of such decedent, free from any claim of such survivor; that David Nowling died testate on March 2d, 1880; that said widow, on demand of her late husband's executor, delivered to him the personal property of the testator, without informing him of the existence of said antenuptial agreement, although she well knew its provisions, and then had it in her possession; that she concealed and withheld it from said executor, who, without any knowledge of it, allowed said widow to select from the inventory personal property of the appraised value of $571.95, for which she receipted as widow; that said executor afterwards resigned his trust, and said Jones was appointed administrator

*de bonis non,* and as such paid said widow $28.05 in money, to make up the $600, to which she claimed an exclusive right as widow; that when he paid this money he had no knowledge or notice of said agreement; that afterwards he discovered its existence and demanded from the widow the property and money " so received by her in violation of said antenuptial agreement;" that she refused to give up the property and money, but delivered to him the written agreement; that said property and money are of the value of $600; that the complaint in said action contained a list of the property so taken by the widow, and demanded judgment for $700 damages and all proper relief.

The complaint in the present suit further averred that judgment was rendered in said action against the widow, the present appellant, for $500 and costs; that an execution, issued on said judgment, came into the hands of the appellee as sheriff; that the appellant made a proper affidavit and a schedule of all her property, real and personal, claiming exemption under the statute as a resident householder, and delivered the same to the appellee, demanding that said property be appraised and that the amount allowed her by law be set apart as exempt from execution, and nominating an appraiser on her part; that the appellee refused and still refuses to have said property so appraised and set apart, and threatens to levy said execution on said property. The appellant's complaint prayed for a writ of mandate, requiring the appellee to have said property appraised and the proper amount thereof set apart as exempt from said execution, and for all proper relief.

The appellee demurred to this complaint, for want of facts sufficient; the court sustained the demurrer; judgment thereon was rendered in favor of the appellee, and the widow appealed.

The only error assigned is sustaining the demurrer to the complaint.

The only question presented by the record is, was the judgment, obtained by Jones against the appellant, a " debt grow-

ing out of or founded upon a contract, express or implied?"
If so, the appellant was entitled to exemption, otherwise not.
R. S. 1881, section 703; *State* v. *Melogue*, 9 Ind. 196.

The suit of Jones against the appellant was not for a violation of the antenuptial contract; the complaint therein exhibited neither the original contract nor a copy of it. The cause of action stated therein was the wrongful act of the appellant in claiming and receiving, upon a false pretence and upon a suppression of the truth, property to which she had no claim as widow. This was a tort.

The appellant claims that in certain cases a party may waive the tort and sue upon the contract implied by law from the facts stated; that this was done in the action against the appellant by Jones.

There are such cases, but the waiver must appear upon the pleadings and issues. *Patterson* v. *Crawford*, 12 Ind. 241; *Patterson* v. *Prior*, 18 Ind. 440; *Jones* v. *Gregg*, 17 Ind. 84; *Cooper* v. *Helsabeck*, 5 Blackf. 14; *Morford* v. *White*, 53 Ind. 547.

No such waiver appears here; the complaint of Jones against the appellant claimed damages for the appellant's wrongful act; a judgment upon such a complaint is not for a debt growing out of, or founded upon, an implied contract. *Menzie* v. *Anderson*, 65 Ind. 239; *Dorrell* v. *Hannah*, 80 Ind. 497; *Smith* v. *Wood*, 83 Ind. 522; *Gentry* v. *Purcell*, 84 Ind. 83. There was no error in sustaining the demurrer to the complaint in this suit. It was insufficient because exemption exists only in actions upon contract, and because it claimed exemption on a judgment obtained in an action sounding in tort. *Boesker* v. *Pickett*, 81 Ind. 554; *Keller* v. *McMahan*, 77 Ind. 62.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.