Ries v. McClatchey.

Filed April 23, 1891.

———————◆———————

No. 15,029.

RIES v. MCCLATCHEY.

EXEMPTION.—*Tort.*—Under our statute, no exemption can be had upon a judgment rendered in actions for tort.

SAME.—*Misjoinder of Causes of Action.*—*Contract and Tort.*—But where the plaintiff improperly unites his right of action for a tort with his right of action on a contract, and takes judgment in such form as to preclude the possibility of separating one from the other, he thereby reduces his superior rights in the action sounding in tort to a level with his inferior rights in the action on contract, and the defendant is entitled to treat the judgment as rendered upon contract, and to claim his exemption.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellant.

*W. P. Rhodes,* for appellee.

COFFEY, J.—This was an action by the appellee against the appellant to set aside a sheriff's sale of real estate.

The complaint alleges that the appellant recovered a judgment, in the Warren Circuit Court, against the appellee

upon a contract; that he caused an execution to issue thereon, which was levied upon the real estate described in the complaint; that at the time of the rendition of said judgment, and at the time of said levy, the appellee was, and for a long time prior thereto had been, a *bona fide* resident householder of Warren county, Indiana, and the head of a family; that he was not the owner of property of the value of $600; that he made out and tendered to the sheriff holding the execution on said judgment a schedule of all his property, and demanded that the same be set off to him as exempt from execution, but that notwithstanding the premises the sheriff proceeded to, and did, sell said property, and the appellant became the purchaser thereof.

Prayer that the sale be set aside, and the title quieted.

A trial of the cause resulted in a finding and decree in favor of the appellee, from which this appeal is prosecuted. The only question in the case relates to the sufficiency of the evidence to sustain the finding of the court.

The real controversy arises out of the dispute as to whether the record in the suit of the appellant against the appellee, resulting in the judgment upon which the land was sold, furnishes sufficient evidence that the judgment was rendered upon a contract, express or implied, that record furnishing all the evidence in this cause upon that subject.

The judgment was rendered upon a complaint consisting of three paragraphs. The first paragraph is a common count for goods sold and delivered, to which is attached a bill of particulars. The bill of particulars consists of numerous items of charges and credits, showing a balance due thereon amounting to $53.66. The judgment was rendered for that sum upon default.

The second paragraph of the complaint alleges that the defendant in that action bought certain described personal property from the plaintiff, and obtained possession thereof, fraudulently intending to cheat the plaintiff out of the same

by failing to pay therefor, and that at the time he purchased the same he did not intend to pay the plaintiff.

In this paragraph the plaintiff prayed for a judgment for $100.

The third paragraph of the complaint charges the defendant in the action with taking certain described personal property of which the plaintiff was the owner, and converting it to his own use, and demands judgment for $150.

In that action the appellee made default, and judgment was rendered against him, as we have stated, for the sum of $53.66. The bill of particulars above referred to was verified by the affidavit of the appellant thereto attached.

Under our statute, no exemption can be had upon a judgment rendered in actions for tort. *Gentry* v. *Purcell*, 84 Ind. 83 ; *Nowling* v. *McIntosh*, 89 Ind. 593.

The judgment under investigation was rendered upon a complaint containing one paragraph based upon a contract and two based upon alleged tort. There is nothing in the record from which it can be ascertained with absolute certainty as to whether it is based upon the one paragraph or the other, or in part upon one and in part upon another, but it must not be forgotten that the presumption of law is always against fraud and wrong-doing.

In aid of this presumption, we think the fact that the judgment was rendered for the exact amount shown by the bill of particulars to be due, furnishes strong evidence that such judgment was based upon the first paragraph of the complaint, which counted upon a contract for goods sold and delivered.

Assuming, however, without deciding, that this evidence was not sufficient to prove that the judgment in question was rendered upon a contract, express or implied, we think the judgment of the circuit court should be affirmed upon another ground. It is conceded by the appellant that it was a misjoinder of causes of action to join with an action on contract a cause of action sounding in tort. In the action

sounding in tort the appellant's rights against the appellee were superior to his rights in the action on contract, in this: in the former he had the right to exhaust all the property of the appellee in the payment of any judgment he might recover, while in the latter the appellee had the right to six hundred dollars as exempt from execution.

The appellant could not enlarge his rights under the contract upon which he sues by improperly uniting it with his right of action sounding in tort. The rule is, that where a creditor has two classes of claims against his debtor, by uniting them in one suit, and obtaining judgment thereon, he reduces that in which his rights are superior to a level with that in which his rights are inferior. Freeman Executions, section 217; *Heckox* v. *Fay*, 36 Barb. 9; *Holmes* v. *Farris*, 63 Maine, 318.

In this case there may be doubt as to whether the judgment rests upon the paragraph of the complaint based upon the contract, or upon the paragraphs based upon the tort therein set out, or as to whether the judgment is based in part upon the contract and in part upon the tort. If the judgment was based in part upon the contract and part upon the tort, if the amount recovered on the tort could be ascertained, the appellee would have the right to pay that amount and claim his exemption on the former. *Keller* v. *McMahan*, 77 Ind. 62.

By improperly uniting his right of action for the tort with his right of action on the contract, and taking judgment in such form as to preclude the possibility of separating one from the other, the appellant has reduced his rights as against the appellee to the rights he possessed under the contract.

The appellee, therefore, is entitled to treat the judgment as one rendered upon the contract, and is entitled, in our opinion, to claim and have his exemption.

Judgment affirmed.

Filed April 24, 1891.