THOMAS *v.* WALMER ET AL.

[No. 2,129.   Filed March 30, 1897.   Rehearing denied June 11, 1897.]

LANDLORD AND TENANT.—*Action for Possession.—Damages.*—In an action by a landlord for possession of property, and damages for its unlawful detention, the rental value of the premises during the time of the unlawful holding is recoverable as damages.  *p. 117.*

SAME.—*Action for Possession an Action in Tort.—Exemptions.*— An action by a landlord, under section 7106, Burns' R. S. 1894, for possession of property unlawfully detained by a tenant, sounds in tort, and no exemption can be had upon a judgment rendered therein.  *pp. 117, 118.*

From the Wells Circuit Court. *Affirmed.*

*Robert Lowry,* for appellant.

*John Cantwell, S. W. Cantwell* and *L. B. Simmons,* for appellees.

HENLEY, J.—The appellant began this action in replevin against the appellees to recover the possession of certain personal property. The complaint was filed before a justice of the peace, and a trial was had, which resulted in a verdict and judgment in favor of appellant. The case was appealed to the circuit court of Blackford county, where the venue was changed to the Wells Circuit Court, the cause being there submitted to a jury. The court required the jury to return a special verdict upon all the issues in the cause by way of answers to interrogatories. Appellant moved for judgment upon the verdict so returned, which motion was overruled, and upon appellees' motion judgment was rendered in favor of appellees, and against appellant.

Appellees, Walmer and Wiecking, held the judgment against the appellant upon which the execution was issued, and placed in the hands of the appellee, McDowell, the constable; under which execution he obtained the goods sought to be recovered by appellant in this action.

The question presented for decision by each of the specifications of appellant's assignment of errors is simply this: Is appellant entitled to claim as exempt these goods described in her complaint, as against the execution by virtue of which the constable acquired possession of them?

The judgment upon which the execution issued was obtained by appellees, Walmer and Wiecking,

against the appellant in an action before a justice of the peace upon a complaint, of which the following is a copy:

"State of Indiana, Blackford County.

"Before Grant N. Henderson, a justice of the peace for Harrison Township, Blackford County, Indiana.

"Herman Weicking and David A. Walmer vs. Belle Thomas. Complaint for possession of real estate and for damages. "The plaintiffs complain of the defendant, Belle Thomas, who signs her name B. Thomas, and says, that on the 18th day of August, 1894, the plaintiffs, by lease duly executed by plaintiffs and defendant, a copy of which is filed herewith and made a part of this complaint, leased to the defendant for the term of one year from said date the following described real estate, in the county of Blackford, in the State of Indiana, to-wit: The east room on the first floor, the east part of the basement, and rooms four and five of the second floor of the two-story brick building, situated on the north part of lot number 3, in block number 7, in the original plat of the town of Montpelier, known as the Walmer and Wiecking block; that by the terms of said lease the defendant covenanted to pay as rent for said real estate $47.50 per month, payable on the 18th day of each and every month in advance; that upon such failure of the defendant to pay any of said installments when the same shall become due, said lease shall terminate at once without notice, and if suit be instituted to collect rents or to obtain possession of said premises, the said defendant agrees to pay attorney's fees therefor; that the defendant thereupon entered upon said premises under said lease; that the defendant neglected and failed to pay the installment of rent coming due since date to the present time, or any part thereof, and the same re-

mains wholly unpaid; that by the terms of said lease, and the failure of the defendant to pay said rent when due, said tenancy has terminated; but the defendant, since the 18th day of November, 1894, unlawfully held over, and still retains possession of said premises, whereby plaintiff has been damaged in the sum of $150.00; that a reasonable fee for plaintiff's attorney in this action is $25.00. Wherefore, plaintiffs demand judgment for the possession of said real estate, and for $150.00 damages and $25.00 attorney's fees, and all other proper relief. Boyd & Mason, attorneys for plaintiff."

The rental contract provided that the rent should be paid in advance on the 18th day of each month, and that upon failure so to do the lease should terminate at once without notice, and appellees could themselves, their representatives, or assigns, enter and take possession of said premises, and expel the occupant thereof without in any way being trespassers.

The judgment rendered by the justice of the peace was: "It is therefore considered and adjudged by me that said plaintiffs have possession of said premises, and do have and recover of said defendant the sum of $107.87 damages, with $15.00 attorney's fees, together with the costs of this action and accruing costs."

Upon this judgment an execution issued, and was placed in the hands of McDowell, a constable, who levied the same upon the goods of the appellant.

Appellant, at the proper time, filed her sworn schedule, claiming as exempt the goods in controversy herein. She was a householder under the law, and her property all together did not amount to $600.00.

The facts are fully found by the special verdict of the jury.

It is contended by counsel for appellant that the

action begun by the appellees, Walmer and Wiecking, against appellant was an action upon a written contract, and that the judgment therein obtained was necessarily *ex contractu.* A copy of the complaint, in the action last referred to, and of the judgment therein, have heretofore been set out in the opinion. Appellees name their cause of action in the complaint, "Complaint for possession of real estate and for damages." No demand of judgment for rents unpaid is made in the complaint, but damages were demanded for the unlawful detention of the property, and to make that detention unlawful the complaint seeks to show, by averment, the breach of certain conditions of a written lease or contract by which appellant obtained possession of the property.

.We do not think the fact that the written contract was made a part of the complaint in any way aided the complaint, nor did such a contract in any manner change the nature of the cause of action stated in the complaint. The contract was, of course, a very necessary part of the plaintiff's evidence in said action, but, the pleading of evidence cannot, in a case of this kind, alter or vary the material allegations which give force to the complaint and character to the action.

The judgment obtained against the appellant was upon an action authorized by section 7106, Burns' R. S. 1894 (5225, R. S. 1881), and under section 7094, Burns' R. S. 1894 (5213, R. S. 1881), appellant became a tortfeasor, immediately upon her failure to pay the rent in advance upon the day named in the contract, and her possession from that day became unlawful, and no notice to her was necessary to make such possession assume the unlawful character.

Appellees could have begun this action upon the contract for the recovery of the rent at the stipulated rate per month, but they elected to take the statutory

Thomas *v.* Walmer *et al.*

remedy, and bring an action for possession of the property, and damages for its unlawful detention.

The measure of damages was the rental value of the premises from the time at which the holding became unlawful until the time of the trial. Recovery of such damages is, by the statute, made an incident to the summary proceeding to recover possession of the premises.

Granting that the rule, as stated by counsel for appellant, is correct, that "Where a tenant holds over after his lease has expired the inference that the parties consent to a continuance of the same terms is so strong that it is adopted as a rule of law," still we cannot see how appellant is aided thereby.

If the appellant had held over beyond the year for which her contract provided, in the absence of some new contract changing the manner of paying the rent, her holding would have become a wrongful one at any time when she failed to pay the rent in advance, and the landlord could maintain an action for damages. *McNatt* v. *Grange Hall Association, etc.,* 2 Ind. App. 341.

We think this case comes squarely within the doctrine expressed in the cases of *Whipple* v. *Shewalter,* 91 Ind. 114, and *Campbell* v. *Nixon,* 2 Ind. App. 463, where, in the last mentioned case, Black, J., delivering the opinion of the court, said: "If the rent be not paid at the expiration of the ten days' notice to quit for nonpayment of rent due, the lease is determined, the relation of landlord and tenant is ended, and the holding over is an unlawful possession, to deprive the occupant of which the summary proceeding is provided by the statute. The proceeding is possessory in its nature. The wrongful possession of the defendant is the gist of the action. The proceeding sounds in tort. In the detention of the premises after such termina-

tion of the tenancy, the occupant is a tortfeasor." See, also, *Hinsdale* v. *White*, 6 Hill 507.

As we have said, no notice was necessary in this case in order for the landlord to bring his action for possession under the section 7106 of the statute, *supra.*

The action for possession could not be maintained against appellant, unless her holding was unlawful, and in this case no notice was necessary to make such holding unlawful. Section 7094 (5213), *supra.*

The action sounded in tort, and appellant was not entitled to claim the exemption provided by the statutes of this State. *Dorrell* v. *Hannah*, 80 Ind. 497; *Smith* v. *Wood*, 83 Ind. 522.

If any part of the judgment against the appellant sounds in contract, as against that part appellant might have successfully demanded the exemption of her property from sale, had she first satisfied that part sounding in tort, the amount recovered upon the tort being easily ascertained in this case, and separable from the amount, if any, recovered upon the contract. If the judgment was in such a form as to preclude the possibility of separating one from the other, the rights of the judgment creditor against the judgment debtor would be reduced to the rights he possessed under the contract. *Keller* v. *McMahan*, 77 Ind. 62; *O'Neil* v. *Beck*, 69 Ind. 239; *Menzie* v. *Anderson*, 65 Ind. 239; *Ries* v. *McClatchey*, 128 Ind. 125.

It was said by the Supreme Court, in *Keller* v. *McMahan, supra:* "Had the appellant paid the judgment except the one dollar alleged to be due for tolls on account, he might as to that have successfully demanded the exemption of his property from sale. Until such payment was made, the appellee had a right, by virtue of the execution in his hands as sheriff, to levy upon, hold, and sell so much of the property as might be nec-

essary to satisfy that portion of the judgment based upon the wrongful acts of the appellants."

It is a rule of the courts of this State to liberally construe the statute exempting the property of a debtor who is a householder, to a certain amount, but the statute permitting this exemption expressly says that no exemption can be had upon a judgment rendered in an action for tort; and the Supreme Court and this Court have uniformly held that actions, such as the one wherein judgment was rendered against the appellant for damages, were actions for tort, and no exemption can be had upon a judgment rendered in such actions.

It follows that the judgment of the lower court ought to be affirmed.

Judgment affirmed.