### KING ET AL. *v.* MORRISTOWN FUEL & LIGHT COMPANY ET AL.

[No. 4,490. Filed October 15, 1903.]

LANDLORD AND TENANT.—*Gas Lease.*—*Notice to Quit.*—Where the consideration for a lease consisted of a certain sum payable annually in advance and the use of gas in lessor's dwelling-house, the failure of lessee to pay the rent did not entitle the lessor to possession of the premises without notice while he continued the use of the gas. *pp. 477–482.*

APPEAL AND ERROR.—*Exception to Conclusions of Law.*—An exception to the conclusions of law admits the correctness of the facts found. *p. 482.*

From Shelby Circuit Court; *Douglas Morris,* Judge.

Action by Armstead King and wife against the Morristown Fuel & Light Company and another. From a

judgment granting insufficient relief, plaintiffs appeal. *Affirmed.*

*T. B. Adams* and *J. F. Walker*, for appellants.

*B. L. Smith, Claude Cambern, D. L. Smith, K. M. Hord* and *E. K. Adams*, for appellees.

COMSTOCK, P. J.—This was an action by the appellants, Armstead King and Nancy King, his wife, against the appellees, the Morristown Fuel & Light Company and the Rushville Natural Gas Company, to recover possession of certain real estate, and damages for its detention. The court made a special finding that the appellants were not entitled to recover possession of the land, but that they were entitled to recover rent due therefor, in the sum of $53.50 and costs, and judgment was rendered in their favor accordingly. The complaint was in three paragraphs. No question is raised as to the sufficiency of either.

Appellants assign as error the action of the court in overruling their demurrers to the second paragraph of answer and to the second paragraph of answer to the third paragraph of their complaint, respectively, and that the court erred in its first, second, and third conclusions of law, and each of them.

The third paragraph of the complaint was filed after appellee had answered the first and second paragraphs of the complaint. The following abstract of the complaint is from the appellants' brief: The first paragraph is for the possession of real estate described in the complaint, and in substance complains of the defendants, and says that they were wrongfully and unlawfully in possession of said real estate and gas-well thereon situated, and that they were wrongfully and unlawfully using the plaintiffs' gas, and claiming damages from the defendants for such unlawful detention of said real estate and gas-well and for the value of the gas taken from the said well after they wrongfully continued in the possession of the same. The

second paragraph is the same in substance as the first. The third was substantially the same as the first, except that it averred that under a contract with the Morristown Fuel & Light Company on the 1st day of September, 1898, the plaintiffs leased one-fourth of an acre in the northeast corner of a thirty-four acre tract of land, described in said complaint, and gave the defendants $77 for drilling a gas-well on said one-fourth acre tract of land; that the defendant the Morristown Fuel & Light Company, in case it found gas in paying quantities, was to furnish gas at appellants' residence for the plaintiffs to have fuel and light; that said well was drilled by said defendants, and said plaintiffs supplied with gas which plaintiffs should be entitled to so long as said well yielded gas; that the plaintiff ever since the digging of said well has been enjoying said gas according to the terms of the contract. The defendants demurred to the sufficiency of these paragraphs of complaint, which demurrers were overruled by the court. The several paragraphs of the complaint describe the land leased in five different tracts, one consisting of thirty-four acres, and one of four acres. Substantially said affirmative paragraphs of answer alleged that on the 9th day of January, 1899, the plaintiffs executed a lease to the defendant the Morristown Fuel & Light Company of the real estate described in the complaint, a copy of which lease was filed therewith, and which lease is the same lease mentioned in the complaint. By the terms of the said lease said lessee was given the exclusive right to drill and operate for oil or gas on the lands described in the complaint, and the right to lay pipes on, along, and across, said lands and to remove pipes, tools, machinery, and fixtures, therefrom at the discretion of the lessee, which lease should continue in force, for the benefit of the lessee or its assigns, as long as gas or oil should be found in sufficient quantity to market and pipe away, at the discretion of said lessee; that in consider-

ation of said grant it was provided that the lessors were
to have gas for domestic purposes in their dwelling-house,
and two fires and two lights in the tenant house on said
premises, which gas was to be taken from the pipe-lines
of the lessee, and $25 per year for the location of a well
on the four-acre tract in section four, commencing No-
vember 1, 1899, and payable yearly in advance, whether
a well was drilled on said four-acre tract or not, and $25
per year for each well drilled on said land thereafter; that
after the execution of said lease, said Morristown Fuel &
Light Company entered on said four-acre tract of plain-
tiffs, and drilled a well from which gas flowed in paying
quantities, and immediately thereafter the plaintiff began
the use of said gas in their dwelling and tenant house,
as provided in said lease, and continued so to use the same
continuously up to this time, and are still in full use and
enjoyment of said gas, which is of the value of $100 per
year; that on the 11th day of September, 1899, said Mor-
ristown Fuel & Light Company sold and assigned said lease
to the defendant the Rushville Natural Gas Company,
which is now the owner of the same, and that within a
few days after the 1st day of November, 1899, when said
$25 became due as aforesaid, said Rushville Natural Gas
Company sent its check to plaintiffs in payment of the
same, which check plaintiffs refused to accept, and on the
28th day of December, 1899, said company tendered said
sum of $25 to the plaintiffs in gold, which tender the plain-
tiffs refused to accept, and the defendant now brings into
court with this answer, for the use of the plaintiffs, said
$25 in gold. The defendants further say that the only
well located or drilled on plaintiffs' land is the one on
the four-acre tract aforesaid, and that no demand for the
payment of said $25 was ever made on defendants, or either
of them, prior to the bringing of this suit.

Appellants base their argument against the sufficiency of
the answer upon the fact, which appears therein, that ap-

pellee failed to pay the $25 rent provided for in the lease, in advance, upon the 1st day of November of each year; that the appellees by this failure forfeited their right under the lease, and appellants became entitled to possession. They base this claim upon §7094 Burns 1901, §5213 Horner 1901, which provides that where, by the express terms of a contract, rent is to be paid in advance, and the tenant has entered and refuses or neglects to pay the rent, no notice to quit is necessary. They cite *McNutt* v. *Grange Hall Assn.,* 2 Ind. App. 341; *Thomas* v. *Walmer,* 18 Ind. App. 112. Whether appellants' position is well taken must depend upon the consideration specified in the lease. If the $25 named is the sole consideration, then the failure to pay the same according to the terms of the contract would entitle the appellants to possession. But the lease, which is made a part of the answer, but is not made a part of the complaint, makes the consideration for the rights therein given the right to use gas for specific purposes, to be taken from the pipe-lines of appellee, and the $25 in money. The answer avers that appellants have, ever since the execution of the lease, continuously used said gas, and that it is of the value of $100 per year. Appellants insist that as the complaint shows that the only well drilled was upon the sixty-six acre tract, and which did not include the four acre tract, and that they were to have the use of gas flowing therefrom for heating and illuminating purposes in their dwelling-house located on said land, and that they had paid the appellees $77 for drilling the same, the gas from said well, before the lease of 1899 was entered into, belonged to them, and that the $25 applied solely to the four-acre tract.

The lease in question provides for the use of gas in the dwelling-house, for drilling further wells, and for the payment of rent whether other wells are drilled or not. It embraces the terms of the first agreement mentioned in the complaint, and contains others in addition. The answer alleges

that in the contract set out in the exhibit the contract entered into in 1898 was merged. We are of the opinion that this interpretation may reasonably be put upon it, and that the consideration of the new contract consisted of the $25 of money, and the use of the gas therein provided for, as an entirety. While the appellants continue in the use of the gas under the lease—a part of the consideration—they ought not to be permitted to recover possession of the leased premises.

The conclusions of law, to each of which exceptions were taken, are as follows: (1) The defendant the Rushville Natural Gas Company has not forfeited any right under said lease of January 9, 1899 by reason of its failure to pay said sum of $25 on November 1, 1899, when it became due and payable; (2) the plaintiffs are entitled to a judgment against defendant the Rushville Natural Gas Company in the sum of $53.50, and to no other relief; (3) the plaintiffs are entitled to a judgment against defendants for their cost in this action laid out and expended.

The special finding of facts upon which the foregoing conclusions of law are based is substantially as follows: Appellants own the land described in the complaint, on which they reside; that they have resided on said land in a residence; that the said residence is located on the portion which is known by them as the sixty-six-acre tract, and is not on said four-acre tract; that there is and has been since November 1, 1898, a residence for tenant on the four-acre tract; that previous to November, 1898, the Morristown Fuel & Light Company was engaged in drilling for gas, and conveying it in pipes, and selling gas to its consumers; that in the month of November, 1898, the plaintiffs and said Morristown company enterd into a written contract, by the terms of which said company agreed to drill a gas-well on plaintiffs' land aforesaid, and furnish

plaintiffs gas for fuel and light in the house in which they resided, so long as gas was produced from said well, and said plaintiffs therein agreed to pay said company $77; that in pursuance of said agreement, in November, 1898, said company drilled a gas-well on that portion of said land known as the sixty-six-acre tract, which did not embrace nor include said four-acre tract; that appellees drilled a gas-well on this land; that no well on the four-acre tract has been drilled, and no gas supplied to or demanded for the tenant house; that appellants piped their residence, and used gas from this well from November 1, 1898, down to the present time; that the gas so used was of the value of $72 per year; that said well still continues to produce gas in paying quantities, and appellees have been continually selling gas from this well to the present time; that the value of gas from said well is of the value of $230 per annum; that appellees have not paid appellants any money since said well was drilled, but on December 28, 1899, appellees tendered appellants $25, which was refused, and on December 5, 1900, they tendered appellants $50, which they refused to accept; that on December 28, 1899, there was due appellants, under said lease, $25.23, as principal and interest, and on December 5, 1900, there was due appellants $51.79, as principal and interest.

An exception to the conclusions of law admits the correctness of the facts found. Upon these findings the court did not err in its conclusions of law.

Judgment affirmed.