Warner, Chief Justice.
1. The plaintiff brought his action against the defendant on an open account for services rendered as an agent and overseer. The defendant pleaded that he was not indebted to the plaintiff anything, but that the plaintiff was indebted to him. There was a good deal of evidence introduced on the trial, and the evidence of the plaintiff and defendant was distressingly conflicting, as is generally the .case when the parties to the suit testify in their own favor. The jury found a verdict for the plaintiff for the sum of $2,213 90. A motion was 'made for a new trial on the several grounds set forth in the record, which was overruled, and the defendant excepted. The plaintiff claimed, in one of the items of his account, that the defendant was indebted to him the sum of $1,221 00 for his services as agent in getting up thirty-seven whole hands, and superintending the same on his plantation for the year 1869. The written contract made between the defendant and the freedmen, by the plaintiff, as defendant’s agent, specified that the defendant was to furnish the land, and the stock necessary to cultivate the same, and the freedmen to have one-half of the crop made. The defendant was to pay the freedmen a reasonable compensation for all rails split by them, but they were to haul the rails and make all necessary repairs of fences. The freedmen agreed to pay all advances made by Lee, either by money, clothing or provisions, from first proceeds of the crop, and to cultivate the same according to the directions of Lee, or his authorized agent, and to obey, promptly, all reasonable orders, either from said Lee or his authorized agent. _ On the trial of the case, the defendant offered to prove by the defendant and one Meadows, that the defendant had been damaged near $1,000 00 in the year 1869, by reason of the ^failure of the plaintiff to enforce the contract made with • the freedmen, by the defendant, as to the hauling of rails and repairing the fences oh the plantation in charge of the plaintiff, which testimony was ruled out by the Court, and defendant excepted. It appears, from the evidence in the record, that in 1869, the defendant furnished the plaintiff with a book, and instructed him, as his agent and, superintendent of his business on his plantation, to keep a regular account of the receipts and disbursements of all money, clothing, and provisions fupnished for the freedmen in his employ, and for the use of the plantation; that money, clothing, provisions and other articles, were, from time to time, forwarded to the plaintiff, as his agent and superintendent as aforesaid, to be sold by him to the hands in his employ, or to be advanced to them. The plaintiff admits the receipt of most of the money, clothing, provisions, etc., but stated, on his examination as a witness, in general terms, that all had been applied for the benefit of the defendant. When the defendant went to his plantation in the latter part of the year 1869, to settle with the freedmen, he demanded of the plaintiff his book of accounts of his receipts and disbursements, so as to enable him to settle *101 with them, but the plaintiff refused to produce 'it, whereby the defendant was greatly damaged in making said settlement, by reason of the plaintiff’s failure and neglect to discharge his duty as his agent in that respect. The Court charged the jury, in relation to this point, “that in this case the burden of proof is on the defendant, to show that the goods and money alleged to have been entrusted to the plaintiff, by the defendant, to be diposed of for defendant’s use, were not so disposed of — the presumption of law being that the goods and money were disposed of according to the directions of the defendant, without proof to the contrary. • The defendant must first show, to your satisfaction, the loss of some part or portion of the articles or money alleged to have been entrusted to the plaintiff, or a conversion or appropriation of said articles, or a part thereof, by the plaintiff, to his own use, or the defendant cannot recover the value of said articles or monejr, or be allowed *the value thereof as a set-off, if any such articles and money is shown by the proof to have been so received by the plaintiff of the defendant.” To which charge the defendant excepts, and assigns the same as error. In our judgment, it was error in ruling out the evidence of the defendant and Meadows, as to the damage sustained by defendant, by reason of the failure of the plaintiff to enforce the contract, for repairing the fences on the plantation in 1869. It appears from the evidence in the record, that the fences on the plantation were out of repair, and for the purpose of having the same put in order, he made a very liberal contract with the freedmen as to their share of the crop to be made on the place. It was the duty of the plaintiff, as the agent and manager of the defendant’s business, to have ordered the freedmen to split the rails necessary to repair the fences, the defendant paying them a reasonable compensation therefor, to have had the same hauled and the fences repaired, not only for the protection of the crop that year, but for the benefit of the plantation. The contract with the freedmen was that they were to obey, promptly, all reasonable orders of the defendant, or his authorized agent. If the plaintiff, as defendant’s agent, had ordered the freedmen to repair the' fences, and they had refused to do so, then the defendant would have had his remedy against them on their contract for the dam-' ages sustained by him in consequence of such refusal. By the neglect and failure of the plaintiff, as the defendant’s agent, to give such orders to the freedmen for the repair of the fences under their contract, he is liable to the defendant for the damages sustained by him, resulting from such negligence, and the defendant may recoup the same, and have the proven amount thereof deducted from the amount claimed by him for his services in the suit intituted by him against the defendant therefor.
2. It was also error, in our judgment, for the Court to charge 'the jury, in view of the facts of this case, that the burden of proof was on the defendant to show that the goods and money were not disposed of according to the directions *102 of the defendant, without proof to the contrary. The evidence *in the record is., that the defendant resided in a distant county from that in which his plantation was located, that he had given special instructions to the plaintiff, as-his agent and manager of his plantation, to keep a regular account of all receipts and disbursements, and furnished him with a book for that purpose; that money, clothing and provisions were sent to him- from time to time, to be- sold to and advanced to the freedmen in his employ. We are of the opinion, as a general rule, that where money, goods or supplies are forwarded by the owner of a plantation to his agent and manager thereof, to be advanced to the freedmen in his employ, to be paid for at the end of the year out of their share of the crop, and the same has been received by such agent and manager, the burden of proof to show that he has made a proper application of such money, goods and supplies for the benefit of the owner, is upon him, but the more especially is it so when the agent and manager is specially instructed to keep a regular account of his receipts and disbursements, as in this case, otherwise, the owner of the plantation cannot make a fair-and just settlement with his laborers at the end of the year.
3. If the plaintiff in this case failed and neglected as the agent and manager of the defendant, to keep a regxtlar account of his receipts and disbursements, when he was specially instructed to do so, and in consequence thereof the defendant has been damaged by such negligence, then he is entitled to recoup such damages and have the same deducted from the plaintiff’s claim for his services as such agent and manager.
Let the judgment of the Court below be reversed.