JOHN TURNER, Respondent, *v.* WILLIAM W. KOUWENHOVEN,
Appellant.

*It seems* the fact that a servant, employed for a stipulated period, and
a part of whose duties it was to sell property of his employer, has
retained, without the consent of the latter, and failed to account for a
portion of the proceeds of sales, is not alone a complete defense to an
action to recover the contract-price for his services, where he has com-
pleted his full term of service.

While flagrant acts of dishonesty, seriously affecting the master's interest,
might bar a recovery in such an action, although the amount fraudulently
appropriated was much less than the amount of wages, a failure to pay
over caused by mistake or neglect, in the absence of any provision in the
contract covering it, will not defeat a recovery for the contract-price less
the sums so retained.

The rule that where the master for good cause discharges his servant before
the expiration of the term the latter can recover nothing for the portion
of the term served has no application where the servant has served out
his term.

In an action brought by a servant, after completion of his term of service,
to recover the stipulated price for his services, which were, among other
things, to take to market and sell the produce of defendant's farm, de-
fendant alleged and gave evidence tending to show that plaintiff had
retained and converted portions of the proceeds of sales made by him.
The court refused to charge that if plaintiff, during his term, kept back

or retained without defendant's consent any part of the proceeds of sales, he could not recover any thing, but charged that it was an implied part of plaintiff's contract to pay over all such proceeds, and if he failed to do so, he was entitled to recover the stipulated wages less such sums as he had retained.    The jury rendered a verdict for the full amount conceded to be due to him for wages. *Held,* this was, in effect, a finding that plaintiff had not appropriated any of the moneys received by him which belonged to defendant, and so the request to charge, and the charge as made, were of no importance, and any error therein could not have harmed the defendant.

Also *held,* the burden of proof was upon defendant to show any withholding by plaintiff of the proceeds of sale; the presumption was the servant had performed his duty in this respect.

(Argued June 19, 1885; decided October 6, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made February 13, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 29 Hun, 232.)

The nature of the action and the material facts are stated in the opinion.

*John Reynolds* for appellant.    The contract of service sued upon is an entire contract.    (Wood on Mast. and Serv. 167, § 84 ; id. 201, § 103 ; *McMillan* v. *Vanderlip,* 12 Johns. 165 ; *Reap* v. *Moor,* 19 id. 337 ; *Jenkins* v. *Wheeler,* 3 Keyes, 652 ; *Cutler* v. *Powell,* 6 Term R. 320 ; 2 Smith's Lead. Cas. 12 ; *Webb* v. *Duckiligford,* 13 Johns. 390 ; *Wolfe* v. *Howes,* 20 N. Y. 200 ; *Clark* v. *Gilbert,* 26 id. 284 ; *Monell* v. *Burns,* 4 Denio, 121 ; *Stark* v. *Parker,* 2 Pick. 267 ; *Earp* v. *Tyler,* 73 Mo. 617 ; *Hutchinson* v. *Wetmore,* 2 Cal. 310; *Olmstead* v. *Beale,* 36 Mass. 528.)  The element of time in a contract of service is only one out of many elements, all of which are important parts of the contract, and all of which must be observed in order to constitute a full performance of the contract, entitling the servant to his wages. (Wood on Mast. and Serv. 156, § 81; id. 166, § 83 ; *Page* v. *Wells,* 37 Mich. 421.)    A servant may be debarred from recovery for misconduct although he has not failed to work for his full period of time.  (*Lantry*

v. *Parks*, 8 Cow. 63; *Spain* v. *Arnott*, 2 Stark. 256; *Turner* v. *Mason*, 14 M. & W. 112; *Ridgeway* v. *Hungerford M. Co.*, 3 Ad. & Ell. 177; *Henderson* v. *Stiles*, 14 Ga. 137; *Spotswood* v. *Barrow*, L. R., 5 Exch. 110; *Blenkarn* v. *Hodges D. Co.*, 16 L. T. Rep. [N. S.] 608; *Harrington* v. *Bank*, 1 T. & C. 367; *Perry* v. *Dickerson*, 85 N. Y. 350; *Turner* v. *Robinson*, 6 C. & P. 15; *Singer* v. *McCormick*, 4 W. & S. 265; Wood on Mast. and Serv. [Ed. 1877] 213, § 112; *Libhart* v. *Wood*, 1 W. & S. [Penn.] 265; *Williams* v. *Keech*, 4 Hill, 168.) The judge properly charged the jury, in accordance with defendant's request, that it was an implied part of plaintiff's contract of service that he should fully pay over promptly, upon receiving them, all proceeds collected by him upon sales of defendant's farm produce. (*Wolfe* v. *Howes*, 20 N. Y. 200; *Clark* v. *Gilbert*, 26 id. 284; *Galvin* v. *Prentice*, 45 id. 165; *Dunham* v. *Bower*, 77 id. 81; *Turner* v. *Robinson*, 6 Car. & P. 15; *Hutchinson* v. *Wetmore*, 2 Cal. 310.) A servant who has worked under an express contract, which he has neglected to keep, is never permitted to recover upon a *quantum meruit.* (*Faxton* v. *Mansfield*, 2 Mass. 148; *Williams* v. *Keech*, 4 Hill, 168; *Lantry* v. *Parks*, 8 Cow. 63; *Jennings* v. *Camp*, 13 Jones, 94; Wood on Mast. and Serv. 157, § 81.) In this case full and faithful performance by plaintiff of his entire contract was a "condition precedent" to any recovery. (Wood on Mast. and Serv. 167, § 84; 156, § 81; 201, § 103; *Bixby* v. *Parsons*, 49 Conn. 483; *Henderson* v. *Hydraulic Works*, 9 Phila. 100; *McMillan* v. *Vanderlip*, 12 Johns. 167; *Wolfe* v. *Howes*, 20 N. Y. 202; *Smith* v. *Brady*, 17 id. 186; *Oakley* v. *Morton*, 11 id. 30.) Faithfulness and integrity are implied parts of every servant's contract, and a breach of such implied part of the entire contract is as disastrous to the plaintiff as the breach of an expressed condition; fidelity is a condition precedent, and "the burden is always on the plaintiff to prove a fulfillment of a condition precedent." (*Henderson* v. *Hydraulic Co.*, 9 Phila. 100; 47 N. Y. 291.)

*William J. Gaynor* for respondent. The burden was on

defendant to prove the counter-claim he pleaded. (*Murray* v. *Ins. Co.*, 85 N. Y. 236.) The presumption of law was that plaintiff did his duty. (1 Cooley's Blackstone, 428, note.)

Miller, J. This action was brought by the plaintiff, who was a farm servant, to recover, under a contract for one year with the defendant, for farm work, and carrying produce to market at the stipulated price agreed upon of $20 per month, and in addition $1 per load for carrying and marketing such produce. There was no dispute as to the contract, but there was a controversy as to the number of loads; this, however, was arranged in submitting the case to the jury, it being admitted that the number of loads should be as stated by the defendant. It was also agreed that $10 had been advanced upon wages during the year, and it was conceded that there remained unpaid to the plaintiff $230 for the monthly wages, and $201 for two hundred and one loads, amounting in all to $431.

The principal question litigated upon the trial was whether the plaintiff had retained and converted any of the moneys received by him from the sale of the farm produce to his own use, and thus defrauded the defendant. Evidence was introduced tending to show that the plaintiff had appropriated and embezzled some of the moneys received by him, belonging to his master, to his own use, and it was claimed that the contract was an entire one, and full performance of the same was a condition precedent to the recovery of any part of the servant's wages.

The counsel for the defendant made various requests to the court to charge the jury, in substance, to the effect that if the plaintiff, during his term of service, kept back or retained, without defendant's consent, any part of the proceeds of the sales, he could not recover any amount whatever. The court did charge that it was an implied part of plaintiff's contract of service that he should fully pay over all proceeds collected by him upon sales of defendant's farm produce, but refused to charge as requested, and did charge that, even if plaintiff had retained and failed to pay over part of such proceeds,

he was, nevertheless, entitled to recover his stipulated wages under the contract, less such sums as he had retained, or, in other words, less such damage as defendant had sustained by plaintiff's failure to perform fully. The ruling of the court presents the distinct question whether a failure by the servant to account for the proceeds of sale made by him, and to pay over the same, was such a breach of the contract as prevented a recovery by the plaintiff of any amount to which he was entitled by the terms of the contract.

We are referred by the appellant's counsel to numerous reported cases to sustain the position that a single breach of the contract of service is of itself sufficient to prevent a recovery. None of them, however, go to the extent of holding that a mere failure to account for moneys, received while engaged in service, of itself prevents a recovery, where the servant has fully completed his term of service. It is undoubtedly the law that where a party fails to perform the full term required, unless prevented by the act of God, or by some sufficient legal excuse, no recovery can be had upon the contract, but that rule cannot be invoked, under ordinary circumstances, where there has been only a simple failure in reference to some particular portion of the contract. There must be something more than a mere breach of a slight character during the continuance of the time of service, where the contract has been substantially performed, as to time and its most material parts, to prevent a recovery by a party of any sum provided for by the contract. Ordinarily the damages sustained by a failure to perform some of the conditions of the contract may properly be allowed against the full amount claimed, but, unless the failure is substantial, material, and strikes at the very essence of the contract, or it appears that the parties intended that any such violation should render the contract of no effect, it cannot defeat a recovery.

The rule is well settled in this State that if the master, for good and sufficient cause, discharge the servant before the expiration of the term of service; or if the servant, without good cause, quit service before the end of the term, he can recover

nothing for the part of the term past, nor for the future. But where the servant has served his full term this rule has no application and has never been upheld by the decisions of the courts. Cases may, no doubt, arise where the dishonesty of the servant is of such a character as would justify the conclusion that his contract had been violated in a most material and substantial part and to an extent which would bar any recovery whatever, but the act in such cases, to bar a recovery, must be misconduct and unfaithfulness which substantially violates the contract of service. (*Brown* v. *Craft*, 6 C. & P. 16, 17, note *a ; Libhart* v. *Wood*, 1 Watts & Serg. 265.) Flagrant acts of dishonesty or crime which seriously affect the master's interest, continued during the service, might well be regarded as a bar to the recovery of wages, although the amount received and fraudulently appropriated might be far less than the amount fixed by the contract. But no such case was presented here by the requests to charge. None of the requests embrace the case of embezzlement or criminal appropriation of the moneys of defendant. They include a mere failure to pay over moneys received belonging to the defendant, which failure may not have been criminal and may have been caused by a mistake, misapprehension or neglect. They were not sufficiently broad to include criminal conduct on the part of the plaintiff, and this point is not distinctly presented.

The facts lead to the conclusion that the judge upon the trial committed no error in his charge or refusal to charge in reference to the questions which have been considered. Independent, however, of the reasons already given in support of the decisions of the trial court, it appears from the record before us that the jury rendered a verdict for the plaintiff for the full amount conceded to be due to him. This was a direct finding that the plaintiff had not embezzled any of the moneys belonging to the defendant which were received by him, and hence it follows that the questions of law presented are really not in the case. If the plaintiff did not embezzle or dishonestly appropriate any of the moneys of the defendant, as the jury found, the requests to charge, which were refused, as well as the charge made

to which exceptions were taken, were of no sort of importance and had no bearing upon the issue presented.

Some stress is laid by the appellant's counsel upon the fact that the jury allowed no interest upon the amount of the plaintiff's claim, and it is argued that they may have regarded some of the evidence introduced as proof that the plaintiff had retained moneys of the defendant, and allowed the same as an offset against such interest. There is no foundation for such a claim. There is nothing in the case which shows that any point was made in regard to interest or any instructions given as to the same, and it would be going very far thus to speculate upon the supposed intention of the jury.

There was no error in the charge of the judge that plaintiff was entitled to recover unless defendant satisfied the jury that there had been a withholding by plaintiff. After the plaintiff had proved his claim under the contract the burden of proof was clearly upon the defendant to prove the counter-claim set up in his answer. The presumption is that the servant has performed his duty, and that a servant in the habit of daily or weekly accounting for moneys received for his master, has paid over the money received. (1 Cooley's Blackst. 428.)

We have examined the other questions raised on the trial and discover no ruling which furnishes any ground for a reversal of the judgment.

The judgment should be affirmed.

All concur.

Judgment affirmed.