No. 1,021.

RITTENHAUSE v. KNOOP, ADMINISTRATOR.

JUDGMENT.—*Motion for Non Obstante.*—*When Special Finding Overrides General Verdict.*—On a motion for a judgment *non obstante,* every reasonable presumption is indulged in favor of the general verdict, and the answers to the interrogatories will override the general verdict only when the antagonism between them is so marked as to be beyond the possibility of removal by any evidence legitimately admissible under the issues.

VERDICT.—*Sustained by the Evidence.*—That the evidence sustains the verdict, see opinion.

PRACTICE.—*Contract.*—*Tort.*—*Waiver.*—Where a contract and a tort exist in relation to the same subject-matter, the plaintiff may waive the tort and sue in contract.

From the Wabash Circuit Court.

*C. E. Cowgill* and *H. C. Pettit,* for appellant.

*A. Taylor,* for appellee.

LOTZ, J.—The appellee brought this action against the appellant, and alleged in his complaint, that the appellant became and was indebted to the appellee, as the administrator of the estate of George Knoop, deceased, for money had and received belonging to said estate, in the sum of $599.

The issues joined were submitted to a jury for trial.

The jury returned a general verdict for appellee, and also answers to certain interrogatories propounded to it by the appellant.

The court overruled appellant's motion for judgment on the special findings of the jury, and rendered judgment for the appellee.

The appellant assails the complaint with much ingenuity and legal acumen, but, as it is attacked for the first time in this court, this assault must prove unavailing, for in this court all formal defects, and such defects that might be supplied by amendment are deemed cured by the verdict.

The second assignment of error calls in question the correctness of the ruling of the court in sustaining appellee's demurrer to appellant's third paragraph of answer. The record shows that the appellant filed such demurrer, but it does not show that the court made any ruling thereon, either sustaining or overruling it. Under such circumstances we are not called upon to pass upon this assignment.

The next assignment of error is that the court erred in overruling the appellant's motion for judgment on the answers of the jury to special interrogatories, notwithstanding the general verdict.

On a motion for a judgment *non obstante* every reasonable presumption will be indulged in favor of the general verdict, and if, by any reasonable hypothesis, the answers and the general verdict can be reconciled, the general verdict must control. The answers override the general verdict only when the antagonism between them is so marked as to be beyond the possibility of removal by any evidence legitimately admissible under the issues. *Evansville, etc., R. R. Co.* v. *Marohn*, 6 Ind. App. 646, 34 N. E. Rep. 29.

A cursory examination of the answers to the interrogatories in this case shows that no such irreconcilable conflict exists.

The last assignment is that the court erred in overruling the motion for a new trial. Only two causes formed the basis of this motion, (1) that the verdict is not sustained by sufficient evidence, and (2) that the verdict is contrary to law.

Appellant concedes the rule to be, that when the evidence is conflicting, or where there is some evidence tending to support the verdict, this court will not disturb the judgment of the lower court; but he insists that there is no evidence in this case to establish certain essential facts necessary to support the verdict.

The facts of the case, as shown by the evidence, are substantially as follows:

One Henry Walker died in Wabash county, in April, 1891. He had been, at one time, a carpenter, and was the owner of a tool or carpenter's chest at the time of his death. The chest, in the usual course of settlement of his estate, was sold at public auction, and the appel-

Rittenhause v. Knoop, Administrator.

lant became the purchaser thereof.  He took the chest to his home, and, in the process of cleaning and re-arranging its interior, he found a bunch of interest coupons which had been cut from bonds of the United States. He went immediately with them to Mrs. Walker, the widow of Henry Walker, and informed her of what he had found.  She told him that they did not belong to her nor to her husband's estate.

The appellant took the coupons to a banker and had them redeemed by the United States Government, realizing therefor the sum of $599.  Between the years of 1865 and 1870, the appellee's decedent, George Knoop, was a resident of Wabash county, and lived with his father. Sometime during these years, he became the purchaser of five government bonds of $1,000 each, and there was evidence tending to show that he also owned two other bonds of $1,000 each.  His father died in 1869, and he went to live with Henry Walker, who was his brother-in-law.  While there he kept his bonds and coupons in the carpenter's chest.  He was somewhat erratic, or disordered in mind.  In 1870 he went to the West, first to Iowa, thence Kansas, and finally to Wyoming.

While in the latter State, he became blind and deranged in mind.  His brother was appointed his guardian, and he was brought back to Indiana in 1887.  After leaving Indiana in 1870, he did not, at any time, return until brought back by his brother.  At that time, he had $3,000 in government bonds of the series known as ten forties, which, long before that time, had been called for redemption or refunding.  There was evidence tending to show that he had cut off and detached the coupons from the bonds that he owned while in Indiana. Appellant contends that this evidence entirely fails to show any connection between the coupons found by him

in the chest, and the coupons or bonds owned by the deceased while he lived at the house of Henry Walker. In this we think he is mistaken. It is true that there was no direct and positive evidence to that effect, yet it was a legitimate inference which might be drawn from it. The jury have the superior right in weighing the evidence and drawing the inferences therefrom. There being some evidence which tended to prove that the coupons which the appellant converted belonged to the estate of George Knoop, we can not disturb the judgment on this ground.

And, lastly, it is contended that there is a fatal variance between the proof and the averments of the complaint.

It has often been held by this court that a party must recover *secundum allegata et probata*, or not at all. *Riley v. Walker*, 6 Ind. App. 622, 34 N. E. Rep. 100.

It is also a familiar rule that a party can not declare in tort and recover on a contract nor *vice versa*.

Appellant asserts that the complaint declares in contract for money had and received, and that the proof makes a case in tort for the conversion of goods. The appellee had a right to waive the tort and sue in contract, and this he seems to have done in this case. There is no fatal variance.

Judgment affirmed, at costs of appellant.

Ross, J., absent.

Filed Feb. 2, 1894.