FRANK M. LAHR v. N. P. KRAEMER.[1]

November 27, 1903.

Nos. 13,744—(85).

**Conversion by Agent—Burden of Proof.**

The burden to prove misconduct on the part of an agent, and a failure to account for funds of his principal alleged to have been converted to his own use, at least to the extent of showing the amount and value of the property received by the agent and his failure to return or account for it, is upon the principal.

**Same.**

A general showing of the amount of property delivered to the agent and a failure to return or account for it on demand is prima facie sufficient, and shifts the burden upon the agent to make a specific accounting.

[1] Reported in 97 N. W. 418.

**Evidence.**

Evidence examined, and *held* not so clearly against the verdict of the jury as to justify a reversal by this court, the verdict having been approved by the trial judge.

**Exceptions to Charge.**

Certain exceptions to the charge of the court to the jury *held* to present no reversible error.

Appeal by defendant from an order of the district court for Morrison county, Searle, J., denying a motion for a new trial. Affirmed.

*Calhoun & Bennett,* for appellant.

*Stewart & Brower,* for respondent.

BROWN, J.[2]

Action to recover for work, labor, and services performed by plaintiff for defendant, in which plaintiff had a verdict, and defendant appealed from an order denying his motion for a new trial.

The complaint alleges that between January 18, 1902, and April 13, 1902, plaintiff performed work, labor, and services for defendant at the agreed compensation of $40 per month, no part of which has ever been paid. The defense to the action was:

1. That at the time stated in the complaint defendant was engaged in the saloon business, and employed plaintiff as his bartender; that between February 13, 1902, and April 30 of the same year, defendant was absent from his place of business, and left it in the sole charge of plaintiff; that a stock of liquors and cigars was committed to his care, to be sold in the ordinary course of trade; that during the absence of defendant plaintiff sold and disposed of a large quantity of such stock, and unlawfully converted the proceeds to his own use; that he was guilty of a breach of his contract faithfully to perform and discharge his duties, and failed and neglected properly to account for the proceeds of the sales made by him.

2. As a counterclaim defendant realleged the same facts, and charged that plaintiff wrongfully and unlawfully converted to his own use the proceeds of sales made by him during defendant's absence to the amount of $210.85, for which judgment was demanded against plaintiff.

A large number of errors are assigned in this court, principally to

[2] START, C. J., absent, sick, took no part.

portions of the charge of the court to the jury, which we have patiently examined. The point that the verdict of the jury, being for plaintiff, is clearly and palpably against the evidence, and should be set aside, cannot be sustained. The evidence, though making out a fairly strong case against plaintiff, is not so clearly against the verdict as to warrant interference by this court; the verdict having been approved by the trial court, and the assignments of error respecting the charge to the jury disclose no reversible error.

It is contended that the court erred in instructing the jury that the burden of proof to establish the allegations of defendant's answer in respect to the amount of plaintiff's alleged shortage was upon defendant. Defendant, having alleged in defense the misconduct and dishonesty of plaintiff in the performance of his duties, was bound to establish the truth of the charge by a fair preponderance of the evidence. It was not necessary to show that plaintiff was guilty of the crime of embezzlement or larceny, and the trial court so instructed the jury. While the court made use of the words "embezzlement" and "larceny" a number of times, the jury was distinctly told that the same degree of proof was not required in a case of this kind as in a prosecution for crime; that defendant was required to show misappropriation of his funds by a fair preponderance of the evidence only; further, that, if defendant established such misappropriation, a wrongful conversion or embezzlement of defendant's funds, it would constitute a complete defense to the action, and plaintiff could not recover.

This rule is in accordance with the law as laid down in Peterson v. Mayer, 46 Minn. 468, 49 N. W. 245, and with the theory of defendant's answer. The burden of proof was clearly upon defendant, at least to the extent of showing the quantity and value of the liquors and other saloon goods left in stock at the time plaintiff took charge of the saloon, and that he neglected to account for the same; and, as we construe the charge, this is as far as the court went in imposing upon defendant the burden to establish either his defense or his counterclaim, and the instructions were proper. Turner v. Kouwenhoven, 100 N. Y. 115, 2 N. E. 637. Of course, it was not necessary for defendant to show the specific amount of the alleged shortage, and the instructions of the court did not require him to do so. A general showing of the amount of property committed to the care of plaintiff, and his failure to return or

account for it, was sufficient to make a prima facie case, and shift the burden upon plaintiff to show that he fully accounted for the property given into his charge. This he undertook to do on the trial, and whether he succeeded was a fair question for the jury to determine.

As to the counterclaim set up in defendant's answer, the court instructed the jury that if they found the misappropriation of defendant's funds was through inadvertence, mistake, or error, and not through wilful misconduct, plaintiff would, in that event, be entitled to the amount due him for wages, but the amount of his claim should be deducted from the amount of the shortage. A fair construction of the charge does not sustain the contention to the effect that the jury was told that defendant must show a wrongful and unlawful conversion of funds, or an embezzlement, to entitle him to recover under the counterclaim; but, on the contrary, the court plainly said that, if the shortage occurred through mistake or error, recovery might be had, but should be deducted from the shortage. It is true that the jury was not told that plaintiff was liable for the shortage if it occurred through his negligence or carelessness; but no request was made so to charge the jury, nor was such a question distinctly raised by the answer.

Again, no exceptions were taken to the charge of the court at the trial. No suggestion was then made that the court employed prejudicial language in instructing the jury, namely, in speaking of the crime of embezzlement or larceny, now complained of by defendant; nor that the court failed fully to instruct on the subject of the burden of proof. The instructions given in that respect were at the request of plaintiff's counsel, and were abstractly correct. No suggestion was made by defendant's counsel that they were not. If counsel were apprehensive that the jury would be misled by the instructions, it was their duty to call the court's attention to the fact, and request further and more explicit directions. The rule of Steinbauer v. Stone, 85 Minn. 274, '88 N. W. 754, applies, and the assignments of error respecting the charge of the court to the jury are insufficient to justify a new trial.

Order affirmed.