H. W. SPAULDING *et al.*, *as Partners*, *etc.*, v.
W. R. PEPPER.

No. 14,596.    (85 Pac. 754.)

SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Action for Wages—Forfeiture—Plead-
ing and Proof.* In an action for the recovery of wages and
expenses under a contract of hiring, an answer which merely
disputes the length of time the plaintiff was in the defend-
ant's service and pleads payment is insufficient to authorize
a forfeiture of all compensation on the ground of dishonesty
and other flagrant misconduct.

Error from Kingman district court; PRESTON B.
GILLETT, judge. Opinion filed May 12, 1906. Modified.

*George L. Hay,* for plaintiffs in error.

*George W. Freerks, M. C. Freerks,* and *C. W. Fair-
child,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The defendants are partners engaged in
the manufacture and sale of buggies and other vehicles.
They employed the plaintiff to work for them as col-
lector, agreeing to pay him eighty-five dollars per
month and traveling expenses. The contract provided
that it should not take effect until a bond for the faith-
ful performance of the plaintiff's duties was given and
approved, and further provided that the plaintiff
might be discharged for incompetency, immorality, or
failure to comply with instructions. His instructions
covered the subjects of stated reports of business done,
the keeping of accounts, the remittance of cash col-
lected, and the forwarding of renewal notes. The de-
fendants undertook to forward drafts to cover the
items of the plaintiff's expense accounts as soon as re-
ports were received, so as to keep seventy-five dollars
for expense money always with him.

The employment was terminated at a time when the

plaintiff had in his possession a considerable sum of the defendants' money and a number of notes belonging to them.   A replevin action was instituted for the notes, which were later delivered to the defendants, but the plaintiff continued to retain the cash.

Afterward the plaintiff instituted the action from which this proceeding in error arises to recover his wages, charging the defendants with the amount due on that account and the amount of his traveling expenses, and giving the defendants credit for money he had received.   The defendants answered pleading payment, and pleading facts showing that the plaintiff had been in their service for a shorter period than that stated in the petition.   These facts were the failure to give bond at the commencement of the service, and a discharge for incompetency, immorality and failure to obey instructions before the date the plaintiff claimed his employment ceased.   A counter-claim for moneys of the defendants received and retained by the plaintiff was added to the answer.

On the trial the jury returned a verdict for the plaintiff.   The evidence introduced by the defendants would bear the interpretation that the plaintiff had been quite remiss in following instructions.   Because of this fact, and because of the plaintiff's retention of the defendants' money and notes after his discharge, it is claimed the plaintiff forfeited all compensation; and the court was requested to instruct the jury upon that theory.   The refusal of the court to give such instructions gives rise to the only substantial law question in the case.

The contract did not go to the extent of forfeiting compensation for time which had elapsed in the event of a discharge for incompetency, immorality, or disregard of instructions.   Those facts having been considered by the parties and made the subject of a special agreement, the law should not, ordinarily, annex penalties beyond those stipulated for.   But conceding that

the conduct of the plaintiff was sufficiently culpable to justify the application of the rule sometimes invoked in cases of embezzlement (*Peterson v. Mayer,* 46 Minn. 468, 49 N. W. 245, 13 L. R. A. 72), and other flagrant acts of dishonesty and crime (*Turner v. Kouwenhoven,* 100 N. Y. 115, 2 N. E. 637), the answer went no further than to dispute the length of time the service continued and to allege payment of the indebtedness described in the petition. The claim of a forfeiture of compensation is therefore not within the contemplation of the answer. That such a forfeiture is a matter of defense is clear, and consequently the facts upon which it is based must be pleaded. This being true, the requested instructions were rightfully refused, and the special questions which the court refused to submit to the jury were rightfully withheld.

The defendants submitted to the jurisdiction of the court by giving a forthcoming bond for the attached property. The signature used as a basis for comparing handwriting appears to have been *prima facie* proved.

Under the long-established practice in this state the general assignment of "error of law occurring at the trial" as a ground for a new trial is not limited by the specific mention of grounds which by construction might have been included within it.

No answer having been made to the sixth assignment of error, the judgment of the district court will be modified by reducing it $15.20. As modified, the judgment is affirmed. The costs in this court are divided.

All the Justices concurring.