EISENSTEIN et al. v. OLD DOMINION S. S. CO.

(Supreme Court, Appellate Term.  March 5, 1908.)

CARRIERS—LOSS OF FREIGHT—QUESTIONS FOR JURY.

> In an action against a carrier for loss of goods delivered to it for transportation, evidence *held* to authorize the submission to the jury of the question whether or not the case of goods delivered with other cases to the carrier for transportation and not delivered to the consignee contained the goods sued for.

Appeal from City Court of New York, Special Term.

Action by Israel Eisenstein and another against the Old Dominion Steamship Company.  From a judgment for plaintiffs after a trial before a jury, and from an order denying a motion for a new trial, defendant appeals.  Affirmed.

See 56 Misc. Rep. 335, 106 N. Y. Supp. 857.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Robinson, Biddle & Benedict (Morton L. Feary, of counsel), for appellant.

Morris Cukor, for respondents.

MacLEAN, J.  It being pleaded and admitted that the defendant, a common carrier, received from the plaintiffs at New York certain goods, four cases and their contents, to be delivered to the plaintiffs at Norfolk, Va., and proven upon the trial by the statements of the defendant's employés, examined on commission at Norfolk, and its manifest and papers (with confusing clerical errors), that one case was lost and only three delivered, it only remained to show that the lost case contained, as alleged, 150 gross of miniature alarm clocks, and their value.  Respecting this, one of the plaintiffs testified that he was present in his place of business at the time these four cases of goods were packed up.  One case was a case of paper parasols, and two cases of assorted novelties for exhibition purposes, and one contained alarm clocks—a Japanese article.  "These goods were to go down to Norfolk, Va. * * * I did not ship any other alarm clocks by the Old Dominion Line, or any other, during the month of May.  That is the only case of those articles that were shipped in May.  The market value of them was between $3 and $4 a gross.  I am only making $3 in this suit. * * * That is the import cost; that is, $450."  And in answer to the question: "Q. You did not see these goods delivered to the defendant company, did you?"—answered: "Of course, my cartman brings them down.  I did not see any of these goods delivered to the defendant company."  Another of the plaintiffs testified that he called at the office of the defendant in Norfolk, paid the freight, received three cases, but did not get any miniature alarm clocks, searched with the defendant's servants for the missing case, and "the words 'one case short' on this receipt that counsel showed me referred to the case of alarm clocks.  I never got that case of alarm clocks marked 'one short.' "

Although it was apparent from the defendant's own papers that a case was lost, the defendant's counsel, disingenuously resting upon pa-

pers made out by the defendant's officers and clerks, and which were concededly wrong, contended that no case was lost. His present contention, however, is that there is want of evidence that a case of alarm clocks was delivered to the defendant company, or that the lost case contained alarm clocks. It would have been more logical, and might have been more satisfactory, had the course of the case containing clocks after its packing been exhibited by each person who handled it until its receipt by the defendant company on the dock. Considering the common course in the business of shops and shippers, the practical concessions of the defendant that it received four cases at New York and delivered three at Norfolk, the evidence that the plaintiffs' only shipment to Norfolk in May was of four cases, that one of the four cases packed for Norfolk contained the alarm clocks, the probability of the coincidences of the packing and shipping, and the probability of discovering if the case containing clocks had been shipped other whither, there seems to have been sufficient to leave to the jury the question whether or no the missing case contained the clocks. The judgment should be affirmed.

Judgment affirmed, with costs.

GILDERSLEEVE, J., concurs.

BISCHOFF, J. (concurring). It appeared from the testimony of Israel Eisenstein, one of the plaintiffs, that the missing case was packed with alarm clocks in his presence, and so delivered, with three other cases, to the cartman, for delivery to the defendant. From other evidence it appeared that the defendant received four cases from the cartman for shipment, and that only three cases were accounted for by the defendant to the plaintiffs at Norfolk, Va., neither of which cases contained alarm clocks. It is not to be presumed that the cartman purloined the contents of one of the cases. Quite to the contrary. Turner v. Kouwenhoven, 100 N. Y. 115, 121, 2 N. E. 637. And aided by the presumption that he performed his duty, and the further presumption of the continuance of a state of things once shown to have existed (Smith v. N. Y. Cent. R. R. Co., 43 Barb. 225, affirmed 41 N. Y. 620), there was some evidence from which the delivery of the case of alarm clocks to the defendant for shipment was apparent.

The judgment should be affirmed, with costs.