## HOLTHOUSE v. POLING.

[No. 7,702. Filed November 20, 1912. Rehearing denied March 4, 1913.]

1. PRINCIPAL AND AGENT.—Bills and Notes.—Equitable Defenses.—In an action by an agent against his principal on a note for money borrowed from the agent and invested by the principal in the business which the agent was conducting for him, the principal may, by cross-complaint, present an equitable defense and require the agent to give an account of his trust. p. 570.

2. PRINCIPAL AND AGENT.—Actions.—Waiver of Tort.—Action on Implied Contract.—A principal may waive the tort of his agent based on his failure to account, and sue him as on an implied contract for the money due. p. 570.

3. PRINCIPAL AND AGENT.—Accounting by Agent.—Where an agent has been intrusted with his principal's money to be expended for a definite purpose, he may be required to account in equity, and in making such accounting he has the burden of showing that his trust duties have been performed, and the manner of such performance. p. 571.

4. PRINCIPAL AND AGENT.—Accounting by Agent.—Evidence.—Sufficiency.—Where, on the question of whether an agent, intrusted with the management of a store, had accounted for the property and funds which came into his hands, it was shown that although the system of bookkeeping was careless, both the principal and the agent knew the condition of the business, and the agent testified that he had accounted for and turned over to the principal all moneys he received, except his salary, there was some evidence from which it may be said that such agent had accounted for the money coming into his hands. p. 571.

5.  APPEAL.—*Review.*—*Findings.*—*Evidence.*—Where there is some evidence to sustain the finding of the trial court, the evidence will not be weighed on appeal. p. 572.
6.  APPEAL.—*Questions Reviewable.*—*Excessive Amount of Recovery.*—*Manner of Saving Question.*—An assignment, as ground for a new trial, that the assessment of the amount of the recovery is erroneous, being too large, correctly saves the question, and a motion to modify the judgment is not necessary. p. 573.
7.  APPEAL.—*Review.*—*Findings.*—*Evidence.*—In the absence of evidence to the contrary, the court on appeal cannot say that tho amount of attorney's fees allowed by the trial court, based on the testimony of a practicing attorney, is either against the evidence or in conflict therewith. p. 573.

From Jay Circuit Court; *John F. LaFollette,* Judge.

Action by John W. Poling against Peter Holthouse. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John M. Smith* and *Peterson & Moran,* for appellant.
*Clark J. Lutz* and *Emerson McGriff,* for appellee.

IBACH, J.—This was an action in the ordinary form, brought by appellee against appellant on a note for $600, interest and attorney's fees, executed by appellant to appellee. Appellant filed an answer in five paragraphs: a general denial, a plea of payment, a plea of want of consideration, two paragraphs of set-off, and a cross-complaint. Demurrers to each paragraph of answer except the first were overruled. The issues were then formed by filing replies to the several paragraphs of answer, and an answer to the cross-complaint. A trial by the court resulted in a finding and judgment against appellant and in favor of appellee in the sum of $1,103. Appellant's motion for a new trial having been overruled, and his exception saved, he has appealed to this court from the judgment below, assigning and arguing error of the court in overruling his motion for new trial. The causes assigned for new trial were that the finding of the court was not sustained by sufficient evidence and was contrary to law, and that the assessment of the amount of recovery was too large.

It is contended by appellant that a partnership existed between appellant and appellee in the conduct of a store at Redkey, Indiana; that each was to share alike in the losses and net profits of the business; that since appellant has traced a sum of money into the hands of appellee belonging to the partnership, it became appellee's duty to show what became of the money, when that issue was presented by the cross-complaint, and failing to do so, he could not recover on the note.

Appellee, however, contends that the evidence does not disclose a partnership between the parties, and, therefore, if appellee did retain funds in his possession which he failed to account for to appellant, the amount thereof could not be set up in a counterclaim against the note, because a tort cannot be set up as a counterclaim to a contract. Appellee also contends that even if there was a duty on him to make an accounting, the evidence shows this duty sufficiently complied with.

Whether the evidence disclosed a partnership between appellant and appellee in the conduct of the store, is not a controlling question in this appeal, for the fact still

1. remains that the relationship which did exist between them was one of trust and confidence, and the position of appellee devolved on him trust duties and obligations similar to those of a partner. Appellee at least stood as the agent of appellant in the use of his money to purchase goods for him, to pay the bills for the same, and, after paying his own salary and the expense of the store, to account to appellant for the profits. So that when appellee brought this action on his note, the proceeds of which were used in discounting current bills of the store, appellant could in the same action present an equitable defense and require him to give an account of his trust, and this was the evident purpose of the cross-complaint. By the filing of his an-

2. swers in set-off and cross-complaint appellant waived any tortious conduct on appellee's part, and sued him

as on an implied contract to return or pay over to appellant all money due him from the profits of the store. This he had a legal right to do. *Cooper* v. *Helsaback* (1838), 5 Blackf. 14; *Furry* v. *O'Connor* (1891), 1 Ind. App. 573; *Rittenhause* v. *Knoop* (1894), 9 Ind. App. 126.

The rule is well established, that where an agent has been intrusted with his principal's money to be expended for a definite purpose, the former may be required to account in equity, and in the making of such accounting the burden is on him to show that his trust duties have been performed and the manner of performing them. *Young* v. *Powell* (1885), 87 Mo. 128; *Carder* v. *Primm* (1892), 52 Mo. App. 102; *Marvin* v. *Brooks* (1883), 94 N. Y. 71, 81; *Thatcher* v. *Hayes* (1884), 54 Mich. 184, 19 N. W. 946. This appellee attempted to do, and the main question involved in this appeal is whether he has accounted for the property and funds which came into his hands while managing the Redkey store. Summarizing the evidence, we find him chargeable with

| | |
|---|---|
| Original stock of goods.................. | $6,000.00 |
| Cash received from sale of goods......... | 120,188.27 |
| Cash sent appellee by appellant........... | 2,100.00 |
| Cash from loan (note sued on)........... | 600.00 |
| Total charges...................... | 128,888.27 |
| Credit for money deposited in bank and | |
| paid out for indebtedness..............$109,349.67 | |
| Cash paid for expenses.................. | 12,187.46 |
| Total thus accounted for............ | 121,537.13 |
| Total receipts ...................... | 128,888.27 |
| Balance receipts.................. | 7,351.14 |

There is also an explanation on the part of appellee which tends at least to account for this balance, and he shows specifically what was done with all of it save a few hundred dollars. Appellee says he invoiced the store each year, that appellant was present, and both knew the store "wasn't

doing any good.'' He deposited in the bank in the name of Holthouse & Co. all moneys collected, and paid the running expenses out of daily sales. Some of the bills for goods he paid in cash and not by check. He charged himself with cash sales each evening, he put the money in the safe and often paid out of the fund so charged many minor expenses, and a book which contained a large number of these items was kept in the store, but had been lost after he had left the store. In other words, he testified that he accounted for and turned over to appellant all moneys he received, except his salary. The method of keeping the books of the store, and the manner in which its financial affairs were conducted, were, to say the least, very careless, and yet appellant himself, who had twenty-five years experience in the same line of business, was largely to blame for this condition. Besides, the evidence shows that before the store in question was opened, appellee had worked for appellant five years, and that he had managed the Redkey store for nine years, during all of which time appellant had absolute confidence in him and trusted him fully, and, so far as the evidence shows, made no objection to any of his conduct while acting as manager of the store. It is not to be wondered at that appellee is now unable to show in detail the manner in which all the money apparently coming into his hands has been disposed of, and it is a matter of common knowledge that under such conditions as stated above, it would be almost impossible that each item of expense could be kept clearly in mind and be disclosed specifically after so many years.

The trial court heard all the evidence, saw appellee on the witness stand, and observed his demeanor, and must have believed him when he testified that he had not taken any money out of the store except his salary. This is some evidence from which it may be said that he accounted for the money which came into his hands, and where there is some evidence to sustain the finding this court will not weigh the evidence on appeal.

It was also assigned as a ground for a new trial
6. that the assessment of the amount of recovery is erroneous, being too large. This correctly saved the question, and no motion to modify the judgment was necessary. To prove the amount of attorneys' fees, appellee called Frank B. Jaqua, a practicing attorney
7. of the Jay county bar, who testified as to what would be a reasonable attorneys' fee for the collection of a note of the amount sued on, where the attorneys rendered services such as were rendered by the attorneys in this case, and this was all the evidence on this point. In the absence of any evidence to the contrary, we cannot say that the amount of attorneys' fees allowed by the trial court, based on this evidence, is either against the evidence or in conflict therewith. The court did not err in overruling appellant's motion for a new trial.

It having been shown to the court that appellant has died since the submission of this appeal, the judgment is affirmed as of the date of submission.

NOTE.—Reported in 99 N. E. 810. See, also, under (1) 1 Cyc. 737; 31 Cyc. 1609; (2) 31 Cyc. 1608; (3) 31 Cyc. 1609, 1649; (4) 31 Cyc. 1667; (5, 7) 3 Cyc. 360; (6) 29 Cyc. 954. As to the waiving generally of tort for the seeking of relief in assumpsit, see 17 Am. Dec. 242. As to waiving tort by principal where aggrieved by fraud of agent, see 134 Am. St. 194.