[Civ. No. 2943.   Third Appellate District.—April 21, 1927.]

## SOPHIE I. LELAND, Respondent, v. D. H. OLIVER, Appellant.

[1] LANDLORD AND TENANT—LEASE OF FARMING LAND—PART OF PROCEEDS OF CROPS AS RENTAL—SALE BY LESSEE—MANNER OF—CONSTRUCTION.—Under a lease of farming land whereby the lessee was to sell the crops and the lessor was to receive one-third of the value thereof, there being nothing said to the contrary in the agreement between the parties relative to the manner in which sales were to be made, the implication would follow that the sale should be made only for cash.

[2] ID.—SALES BY LESSEE—ACTION BY LESSOR TO RECOVER SHARE OF SELLING PRICE—RECEIPT OF MONEY BY LESSEE—BURDEN OF PROOF—NONSUIT.—In an action by a lessor against a lessee to recover her share of the selling price of crops under a lease whereby the lessee was to sell the crops and the lessor was to receive as rental one-third of the value thereof, the burden was cast upon the lessee to show what he had done with the property and why he had not paid over to the lessor her share of the proceeds of the sale thereof, and upon his declining to do so, the trial court was authorized to enter judgment for the lessor; and the trial court did not err in denying the lessee's motion for a nonsuit.

[3] ID. — AGENCY — FACTORS.—While under the terms of the lease in question the lessee was the agent of the lessor to make sale of the produce raised on the leased premises, the lessee was not a factor.

[4] ID.—FACTORS—DEFINITION OF.—A factor is an agent who in pursuit of an independent calling is employed by another to sell property for him, and occupies the position similar to that of a commission merchant or a broker and is only engaged in the sale of property for another for a compensation.

---

(1) 36 C. J., p. 701, n. 62.   (2) 2 C. J., p. 724, n. 27; 36 C. J., p. 708, n. 81.   (4) 25 C. J., p. 340, n. 2.

APPEAL from a judgment of the Superior Court of Stanislaus County.  J. C. Needham, Judge.  Affirmed.

The facts are stated in the opinion of the court.

---

1.  See 1 Cal. Jur. 721; 21 R. C. L. 869.
4.  Definition and distinctive features of factors, note, 58 Am. Dec. 158.  See, also, 12 Cal. Jur. 410; 11 R. C. L. 752.

Samuel V. Cornell for Appellant.

L. J. Maddux for Respondent.

PLUMMER, J.—Plaintiff had judgment in the sum of $548.07 on account of moneys found due and owing from the defendant, for and on account of sales of certain crops belonging to the plaintiff, made by the defendant and for damages inflicted by the defendant upon certain property belonging to the plaintiff. These damages amounted only to the sum of $7.90 and are not involved in this appeal. The defendant appeals.

The record shows that in December, 1921, the plaintiff leased to the defendant a tract of land embracing 173 acres of land to be planted to sweet potatoes during the year 1922; that under the terms and provisions of said lease the defendant was to sell all of the crops produced upon said premises, including the share belonging to the plaintiff, as the rental thereof, and to pay to plaintiff one-third of the value of said crops; that during the year 1922 the defendant raised on said premises a certain crop of sweet potatoes and sold the same for the sum of $1,005.30, of which the plaintiff's share was and is the sum of $335.10; that the defendant has not paid said sum of $335.10 to the plaintiff. The record further shows that during the year 1923, under a lease executed in December, 1922, the plaintiff leased the same premises to the defendant on the same terms and conditions as to rental, to wit: That the defendant was to sell all of the said crops and pay to the plaintiff one-third of the selling value thereof; that defendant raised during said season a certain crop of cantaloupes and that the value of the plaintiff's share of said cantaloupes was the sum of $205.07; that the defendant had sold the cantaloupes but has not paid plaintiff any part of said sum of $205.07.

The complaint alleges the execution of the two leases, one in December, 1921, and the other in December, 1922, the farming of the lands by the defendant, the terms of the lease, that the defendant was to sell the crops and the plaintiff was to receive one-third of the value thereof, the production of the crops, and the sale of the same by the defendant, and the amount of the selling price. The complaint does not allege that the defendant has received any money on account

of the sales made by him. The action was begun on the third day of January, 1924. The defendant filed a general demurrer worded as follows: "That said complaint does not, nor does any part thereof, state facts sufficient to constitute a cause of action." This demurrer was overruled, the defendant filed an answer, and the cause went to trial. The matter was heard entirely upon the testimony of the plaintiff; the defendant declining to introduce any testimony, moved for a nonsuit. The motion being denied, the cause was submitted and judgment entered for the plaintiff as prayed for.

It is first urged that the complaint does not state a cause of action, in that it contains no allegation that the defendant had received any money on account of the sale of the crops raised upon the leased premises; that it was incumbent upon the plaintiff to allege the production of the crops, the sale of the crops by the defendant, and the receipt of the selling price thereof, before the defendant could be held liable, or, that it must appear in the complaint that the defendant carelessly, negligently, and without due care sold the crops to irresponsible persons, and in such manner failed to receive the value of said crops.

Section 4½ of article VI of the constitution applies to the ruling of the court overruling the defendant's demurrer and, unless the order of the court so doing has resulted in a miscarriage of justice, the defendant is not in a position to complain.

The testimony shows the terms of the lease, which we have herein stated, the raising of the crops, and the value thereof; that the defendant was to sell the crops and pay the plaintiff in cash; that the plaintiff never authorized the defendant to sell any of the crops on time. It further appears from the testimony that the defendant sold the sweet potatoes to the California Sweet Potato Association. After selling the crop to the association the defendant gave to the plaintiff an order on the association worded as follows:

"Turlock, California.
"December 18, 1923.

"California Sweet Potato Association: Pay to the order of Mrs. S. I. Leland $335.10."

This order was presented to the association by Mrs. Leland, payment not made, and the order was given back to

the defendant by the plaintiff. The cantaloupes were sold to a man by the name of Cross and when demand was made upon the defendant for the plaintiff's share, his answer was that he had not yet received payment from Cross.

There is nothing in the record which indicates that any sale of the crops raised on the leased premises was to be made other than for cash. The testimony of the plaintiff was to the effect that the terms of the lease were that the defendant was to· sell the products and pay the plaintiff one-third of the selling price thereof in cash. It appears to be a part of the terms of the lease that the defendant was to perform this service. In other words, to sell and dispose of the products and turn over to the plaintiff one-third of the value thereof in cash was a part and parcel of the rental value of the premises. [1] There being nothing said to the contrary in the agreement between the parties relative to the manner in which sales were to be made, the implication would follow that the sale should be made only for cash. In *Lindow* v. *Cohn,* 5 Cal. App. 388 [90 Pac. 485], it is said: "In the absence of evidence to the contrary, 'to sell' means to sell for cash, and an agent authorized to sell has no authority to receive other goods in part payment (*Organ Co.* v. *Starkey,* 59 N. H. 142)."

And, again, in the case of *Harland* v. *Ely,* 68 Cal. 522 [9 Pac. 947], where the plaintiffs had a mortgage upon a certain crop of wheat grown by the defendant Ely and the terms of the mortgage provided that the wheat should be delivered by Ely to the plaintiffs as mortgagees, and by the mortgagees sold, meant that the mortgagees should sell for cash. The mortgagees in that case, instead of selling for cash, took a check payable ten days after date. This check was dishonored and the selling price of the wheat lost. The court said: "But we think the plaintiffs, by their negligence in delivering the wheat, which they had contracted for cash without receiving payment, and in accepting a time check in violation of the usual custom of merchants, took upon themselves the risk of nonpayment, and rendered themselves liable for the sum of money which they ought to have received, and which but for their own carelessness they would have received," and further, "It did not appear that the contract of plaintiffs was for a sale on credit, but that upon a sale

fairly conducted and in which they were entitled to immediate payment."

In the case at bar, under the terms of the lease, it must be held that the defendant was entitled to make sale only for cash. [2] It is further argued that the burden of proof is upon the plaintiff to show that the defendant has received payment.

In the case of *Dodge* v. *Hatchett*, 118 Ga. 883 [45 S. E. 667], a case having to do with the burden of proof, involving the same principle which we are here considering, to wit, property sold by an agent, it was held: "In a suit against such an agent, after the plaintiff has shown the agreement between them creating the agency, that the property was delivered to the agent, and that the same has been sold, the burden is shifted to the defendant to discharge himself by showing that no such agreement existed, or that the property was never delivered, or that he has fully accounted, or some other reason why he should not be held liable to the plaintiff," citing *Lee* v. *Clements*, 48 Ga. 128; *Oliver* v. *Hammond*, 85 Ga. 329 [11 S. E. 655]; *Thomas* v. *Funkhouser*, 91 Ga. 478 [18 S. E. 312]. And the cause was reversed on account of the error of the trial court in charging that the burden of proof rested upon the plaintiff throughout the entire trial.

In *Lahr* v. *Kraemer*, 91 Minn. 26 [97 N. W. 418], it was held: "A general showing of the amount of property delivered to the agent and a failure to return or account for it on demand is *prima facie* sufficient, and shifts the burden upon the agent to make a specific accounting."

In *O'Day* v. *Annex Realty Co.* (Mo.), 236 S. W. 22, it is said: "An agent being bound to account to his principal for all money and property received by virtue of the agency, when the principal has shown the existence of such relation and the receipt of money or property by the agent, the burden of showing a proper disposition thereof rests upon the agent." See, also, *Herald-Dispatch Co.* v. *Hostetler*, 130 Ill. App. 179. To the same effect is *Holthouse* v. *Poling*, 52 Ind. App. 568 [99 N. E. 810 ].

The same ruling is applied to the burden of proof in *Farmers' Warehouse Assn.* v. *Montgomery*, 92 Minn. 194 [99 N. W. 776], that an agent authorized to sell only for cash is liable, if he sells otherwise. See, also, 2 C. J. 724,

section 387, where the rule is stated, citing many authorities: "An agent to buy or sell property for his principal is bound to use reasonable care and diligence in making the purchase or sale, and will be liable for losses which the principal may sustain by reason of his negligence in this regard, as where, without authority to sell on credit, he sells on credit instead of for cash."

The appellant cites a number of authorities relating to the duties, liabilities, and powers of factors, and argues that the defendant in this case was authorized to sell on credit and that the burden rests upon the plaintiff to show either the receipt of the money, or that the defendant was negligent in making sales, and that the burden of accounting for the property does not rest upon the defendant. [3] While under the terms of the lease here involved the defendant was the agent of the plaintiff to make sale of the produce raised on the leased premises, the defendant was not a factor. [4] As defined in 12 Cal. Jur. 411, a factor is an agent who in pursuit of an independent calling is employed by another to sell property for him, etc. A factor occupies the position similar to that of a commission merchant or a broker and is only engaged in the sale of property for another for a compensation. In the instant case, such is not shown to be the business of the defendant. He was not engaged in anything of that kind. He was simply a lessee under the terms of the lease requiring him to market the produce and pay to the plaintiff one-third of the selling price thereof in cash, as the rental value of the premises leased to be returned by the defendant to the plaintiff.

Under the authorities cited, we think the trial court did not err in denying the defendant's motion for a nonsuit and that the burden was cast upon the defendant to show what he had done with the property and why he has not paid over to the plaintiff her share of the proceeds of the sale thereof, and upon his declining to do so, the trial court was authorized to enter judgment for the plaintiff.

The judgment is affirmed.

Hart, J., and Finch, P. J., concurred.